Raysdon v. Trumbo, et al.

————o————

A. W. RAYSDON, Interpleader, Plaintiff and Respondent, *vs.* JACOB A. TRUMBO AND MICHAEL McGUIRE, Defendants and Appellants.

1. *Practice, civil—Instructions, scope of.*—Instructions should be given with reference to the whole case, and not with reference only to a few of the facts involved.

*Appeal from Livingston Court of Common Pleas.*

*Broadus, Pollard & Wait,* for Appellant.

*C. H. Mansur,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

Trumbo and McGuire sued Moussier and wife before a justice of the peace, to recover the amount of an account contracted by the wife, and, as was charged, upon the faith and credit of her separate property, &c. An attachment was issued in the cause, and levied on two horses and harness as the property of the defendants in the action. Alfred W. Raysdon, the respondent here, appeared in the justice's court, and filed his interplea, in which he states or claims that the said attached property is not the property of Moussier and wife, or either of them, but that said horses and harness were at the time of the levy of the attachment, and still are the property of said Raysdon absolutely, &c. A trial was had before a justice upon this interplea, which resulted in a judgment in favor of the said Alfred W. Raysdon, and against the said Trumbo and McGuire. From this judgment Trumbo and McGuire appealed to the Common Pleas Court in Livingston county. In the Common Pleas Court, the issues on the interplea were again tried, which again resulted in a verdict and judgment in favor of the Respondent; from this last judgment Trumbo and Mc-Guire appealed to this court.

It appears from the bill of exceptions that the evidence on the part of Raysdon the interpleader, tended to prove that the wife of Moussier was his sister, that Moussier was insolvent; that the mother of Raysdon, and Moussier and wife, resided together, and that Raysdon who claims the property in dispute, purchased a farm in Livingston county, and the horses in question, together with household furniture and other property, and placed all of the property, real and personal, in the hands of Moussier and wife and his mother, who all moved upon the farm, and there used the other property, and that Raysdon went to California, giving Moussier and wife no authority to dispose of any of the property without the consent of his mother, whom he had left as his agent to dispose of the property if she deemed it necessary.

The plaintiff after having introduced evidence tending to prove these facts, closed the evidence on his part, but notified the court that he might want to introduce other evidence after the evidence for the defense was closed, and he asked leave of the court, so to do. To this defendants objected, but without the court having made any ruling on the matter, the defendants proceeded to introduce their evidence which tended to show that Mrs. Moussier contracted the debt for which the suit was brought against her and her husband; that the debt was for necessaries for her and family; that at the time the debt was contracted, she represented that the horses and harness were her property, and that the credit was given upon said representation; that she had the horses with her when she purchased the goods, and that she and her husband always drove the horses when they came to town.

The defendant also produced evidence by which it was proved that plaintiff or interpleader had admitted that the horses in question were the property of Mrs. Moussier, and bought with her money, &c. After the defendant closed his case, the plaintiff was permitted to give further evidence in chief, as well as in rebuttal, to which evidence in chief the defendant objected and his objection being overruled, he excepted.

After the evidence was closed, the court at the request of the plaintiff, gave the jury some five instructions, which were objected to by the defendants, and their objection being overruled, they excepted. The second, third and fifth of these instructions were as follows:

"2nd. That although the jury may believe from the evidence that the horses were bought by plaintiff with money inherited by Mrs. Moussier from the estate of a former husband; yet if they shall believe from the evidence that the said horses remained in the possession of plaintiff and were in his possession at the time they were seized by the constable, in this cause, then they must find for plaintiff."

"3rd. That possession need not be personal, and that if the jury believe from the evidence, that the horses were bought and placed by plaintiff in the possession and under the con-

trol of his mother, and that they so remained up to the time of the levy by the constable in this cause; then such possession of his mother was the possession in law of plaintiff and they will find for plaintiff."

"5th. That although the jury may believe that plaintiff held said horses for the use of Mrs. Moussier, and that they were bought with her money; yet they must find for the plaintiff, unless they shall believe that he by himself or his agent had given the entire possession and exclusive control of said horses to Moussier and wife."

With the view which I have of this case, it will not be necessary to notice any further exceptions taken in the case than the exception taken by the defendant to these instructions. It should be borne in mind that instructions should always be given in reference to the issues to be tried by the jury and not be restricted to only one fact, or one set of facts, which only make out part of the case being tried, and tell the jury that if those facts are found, they will find the whole case for either the one party or the other; and then they should also be predicated upon the evidence in the case. (Chappell vs. Allen, *et al.*, 38 Mo., 213.)

In this case the plaintiff claims in and by his interplea, that he was the absolute owner of the horses, and issue is taken upon this claim of absolute ownership on his part. The first instruction above set forth, assumes that notwithstanding the horses were purchased with the money of Mrs. Moussier, and that plaintiff had in fact no title to them, yet if they were in his possession, he had a right to recover them in this action. This was certainly wrong. There is also another objection to this instruction, which is, that there is not a particle of evidence in the case to show that plaintiff was in possession of the horses when the levy was made; but on the contrary, the evidence shows that he had left the State, and had been for over a year in California, leaving the horses with Moussier and wife, and his mother for their use and benefit, and there is no pretense that they were his mere servants, so as to make their possession, his possession

The instruction numbered three above set forth, tells the jury that if the horses had been placed in the hands of plaintiff's mother by plaintiff, where they had remained at the time they were taken by the constable, that this fact alone would authorize them to find for the plaintiff. This restricts the jury to the finding of but one fact, that is the possession of the plaintiff's mother of the horses. All other facts in the case being ignored, and the main fact, which is the plaintiff's title is wholly lost sight of. The other instruction is subject to the same objection, and was also improperly given, and must have misled the jury in reference to the main issues in the case.

The instructions asked by defendants, and refused by the court, I think were properly refused, and that those numbered two and five, if they had been objected to, ought to have been refused. The statements of Moussier and wife in plaintiff's absence, were not evidence against him, unless he knowingly permitted them to hold themselves out as the owners of the horses. No opinion is expressed as to the sufficiency of the affidavits filed with the motion for a new trial to entitle defendants to a new trial.

As it is not necessary in this case, I have not examined it, but suppose that the court who try causes in the first instance and see the conduct of the parties in such cases, would be more competent to correct the abuses complained of. Some of the instructions asked by the appellants, seem to have been founded upon the facts in the original case, and not upon the facts proved on the trial of the interplea. With this part of the case we have nothing to do here upon the hearing of the case before us, but we would suggest to the parties that there may be some difficulty in maintaining a mere action at law against a married woman. (See Schafroth Admr., &c., vs. Peter Ambs and wife, 46 Mo., 114.)

For the reason that the court below improperly directed the the jury upon the trial of the cause, I think the judgment should be reversed. The other judges concurring, the judgment is reversed, and the cause remanded.