————o————

## Isaac Wyatt, Appellant, *vs.* The Citizens Railway Company, Respondent.

1. *Practice, civil—Trials—Jury, province of—Supreme Court.*—It is the province of the jury to determine the facts from the evidence, and of the Supreme Court to see that the instructions submitted the facts fairly to the jury.

2. *Practice, civil—Trials–Instructions–Plaintiff's condition–Contributory negligence*—In suit for damages sustained in stepping off a car, the plaintiff then suffering from a prior injury, an instruction to find for the plaintiff if the jury find that the conductor refused to stop the car where asked, and that the plaintiff carefully, and without negligence, stepped off, is erroneous, because the plaintiff's condition at the time is ignored, and the contributory negligence is left to the jury to find as a matter of fact, without any explanation of what would, on the evidence, constitute such contributory negligence. And an instruction to the jury, that if satisfied the car was moving faster than usual when the plaintiff got off, and that plaintiff knew the risk and danger, and was not influenced by the remark of the conductor to jump, this was evidence of a want of care, was objectionable, in not referring to plaintiff's wound, and in not directing the attention of the jury to facts, which, if satisfactorily proved, would, in the estimation of the court, constitute negligence; but it simply declares certain facts evidence of negligence, when the facts did not of themselves constitute negligence.

### *Appeal from Buchanan Circuit Court.*

*Jas. H. Ringo,* for Appellant, cited Wyatt vs. Citizen's R. R. Co., 55 Mo., 485; McIntyre vs. Cent. R. R. Co., 37 N. Y., 287; 49 Id., 47; Fiber vs. Same, 59 Id., 351; Morri-

son vs. Erie R. R. Co., 56 N. Y., 304; Penn. R. R. Co. vs. Kilgore, 32 Penn. St., 292; Same vs. McKloskey's Adm'r, 23 Id., 526; Foy vs. London B. & So. C. R. R. Co., 18 Com. Ben. [N. S.], 225; Siner vs. G. W. R. R. Co., L. R., 3 Exch., 150; S. C., 17 W. R., 417; Lambeth, Adm'r, vs. North Car. R. R. Co., 8 Am., 509; Shear. & Redf. Negl. Chs., 15, 27; Chicago & Alton R. R. Co. vs. Pondrom, 2 Am., 309; Gal. & C. U. R. R. Co. vs. Jacobs, 20 Ill., 478; Chic. & R. I. R. R. vs. Still, 19 Id., 499; St. Louis & Al. R. R. vs. Todd, 36 Id., 409; Chic. & Al. R. R. vs. Hogarth, 38 Id., 370; Huelsenkamp vs. Cit. R. W. Co., 37 Mo., 552; Morissey vs. Wiggins Ferry Co., 43 Id., 383; S. C., 47 Id., 523; O'Flaherty vs. Union R. R. Co., 45 Id., 71; Brown vs. H. & St. J. R. R. Co., 50 Id., 464; Kerwhacker vs. C., C. & C. R. R. Co., 3 Ohio St., 172; Redf. Rail., vol. 2, 4 ed., pp. 225 231, 236; 24 Vt., 487; 13 Ga., 86; 18 Ga., 679; 24 Ga., 75; 2 Roceworth, 374; 9 Allen, 557; 16 Conn., 421; 19 Id., 507; 19 Ga., 440, 437; 4 Bing., 628; 1 Dutcher [N. J.], 556.

*Allen H. Vories*, for Respondent, cited Huelsenkamp vs. Citizens R. R. Co., 37 Mo., 537; Morrissey vs. Wiggins Ferry Co., 43 Mo., 380; Karle vs. K. C., St. Jo. & C. B. R. R. Co. 55 Mo., 476; Whalen vs. St. L., K. C., & N. R. R. Co., 60 Mo., 323; Wyatt vs. Cit. R. W. Co., 55 Mo., 491, and cases referred to; Beattie vs. Hill, 60 Mo., 72.

NAPTON, Judge, delivered the opinion of the court.

This case is here on an appeal from the second trial in the circuit court, which resulted, as the first trial did, in a verdict for the defendant. The history of the first trial is reported in 55 Mo., 485. The report of the second trial contains a statement of all the evidence, and this more clearly shows the important disputed facts, and consequently the applicability of the instructions given to the jury.

It appears that the plaintiff's son, whose injury this action was brought to redress, had, previous to his fall in stepping from the street car, cut his knee with a hatchet, and that medical advice and aid had been received in regard to this wound.

What length of time had elapsed between the accidental wound from a hatchet and the occurrence of the injury complained of, is variously stated by the witnesses from two to seven weeks, and to what extent the hatchet wound impaired the young man's health and activity, is also the subject of the most contradictory and irreconcilable testimony. On the one hand, it was stated that the hatchet wound occurred only two or three weeks before the accident on the car; that young Wyatt was confined to his bed for eight or ten days by the cut, and, when able to leave his room, used crutches; and in fact, was using a cane at the time the alleged injury, in jumping from the car, occurred. On the other hand, it is testified to, that this wound by a hatchet occurred seven weeks before the street car accident; that it was a trivial hurt, and never deterred the young man a single day from his usual occupations; that he never used crutches until after the amputation of his leg, and never used a cane or stick for a support, and that the wound was entirely healed when he ventured on stepping from the car.

It is evident that the condition of this hatchet wound constituted a very material element in arriving at a conclusion as to the prudence of the young man's movements in jumping from the street car.

Another circumstance, having a material bearing on the case, was the alleged conversation between young Wyatt and the conductor, and the testimony on this point is fully as contradictory as it is in regard to the wound from the hatchet. The young man himself testifies, that he asked the conductor three several times to stop the car at the street crossing where he desired to get off; that the conductor not only refused to stop the car, but told him, if he insisted on getting off, to jump off. On the other hand, the conductor stated on the trial, that he was never asked to stop the car, and did not observe young Wyatt's fall when he stepped off. Another witness, who got on the car with Wyatt, and got off at the same place, and about the same time, states that no request was made to the conductor, and no bell rung.

It was for the jury to determine these facts from this irreconcilable evidence, and it is only our province to see that the instructions submitted the facts fairly to the jury.

The instructions given for the plaintiff are not objected to. It is insisted, however, that the refusal of the court to give the second one asked by the plaintiff was error ; but that instruction directed the jury to find for plaintiff, if they found that the conductor refused to stop the car, when asked, and that young Wyatt carefully, and without negligence, stepped off. The condition of the young man's knee at the time is wholly ignored, and the contributory negligence is simply left to the jury to find as a matter of fact, without any explanation from the court of what would, on the evidence, constitute such contributory negligence.

The sixth instruction given for the defendant directs the jury, that if satisfied that the car was moving faster than usual when Wyatt got off, and that Wyatt knew the risk and danger, and was not influenced by the remark of the conductor "to jump," this was evidence of want of care.

This instruction is objectionable. It does not refer to Wyatt's wound, nor direct the attention of the jury to the facts, which, if satisfactorily proved, would, in the estimation of the court, constitute negligence; but simply declares certain facts evidence of negligence, and those facts do not of themselves constitute negligence. Wyatt's knowledge of the risk could not be ascertained, but the continued lameness or disability arising from a previous wound would be a fact authorizing a jury to infer a want of ordinary prudence on his part. This instruction, therefore, was prejudicial to plaintiff, since the jury might have drawn the inference of Wyatt's knowledge of the risk, or, which is the same thing, his negligence from the single fact of the speed of the street car at the time of the injury, the only fact referred to in the instruction.

The judgment must be reversed, and the cause remanded. The other judges concur.