GREER *et al.* v. PARKER, *Appellant.*

85  107
32a  75
85  107
106  222

1. **Practice :** INSTRUCTIONS. An instruction, which is misleading or which ignores the only real matter in issue under the pleadings, is properly refused.

2. ———: ABSENCE OF CO-COUNSEL: DISCRETION OF TRIAL COURT. Where the evidence in a case is taken on the seventeenth and a continuance granted to the twenty-first, at the request of defendant's counsel, at which time the trial is concluded, this court will not interfere with the action of the trial court in overruling the motion for a new trial based upon the ground of the unavoidable absence of one of defendant's counsel, when it appears that his senior counsel was present and able and competent to and did conduct the case.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN,. Judge.

AFFIRMED.

*S. P. Sparks* and *Smith & Krauthoff* for appellant..

(1) Plaintiffs' first instruction is erroneous. It did not correspond with the issues joined. *Iron Mt. Bank v. Dickson*, 62 Mo. 70 ; *Capital Bank v. Armstrong*, 62 Mo. 59 ; *Bruce v. Sims*, 34 Mo. 246. The second instruction for plaintiffs was erroneous in stating that the burden of proof shifted to defendant when the jury were convinced by a preponderance of evidence of a certain state of facts. The burden is on defendant only, when it is necessary to plead an affirmative defence. 1 Greenleaf's Ev., sec. 64. Plaintiffs' third instruction was erroneous in assuming that there was proof of a request to pay after the date of Parker's visit to St. Louis, October 4, 1881 ; if there had been such proof it was error to single it out and tell the jury if they so found the verdict should be for plaintiffs. *Kœning v. Life Association*, 3 Mo. App. 596 ; *Gerren v. Railroad*, 60 Mo.

405. The fourth instruction was also erroneous. It is error to use the words *preponderance of evidence* in an instruction. *Clark v. Kitchen,* 52 Mo. 316. (2) Defendant's sixth instruction correctly stated a controlling principle of law in the case. Defendant was not liable for any payments made on account of these contracts by Billingsley & Nanson without a precedent request or a subsequent agreement to repay, for it appeared from the evidence that their only connection with the contracts was in the capacity of brokers, and that the alleged payments of Greer to them were for losses they had sustained after they had closed out the contracts. *Saladin v. Mitchell,* 45 Ill. 79; 1 Pars. on Con. 98; *Thompson v. McCullough,* 31 Mo. 224; *Lapsley v. McKinstry,* 38 Mo. 245. (3) The agreement of R. L. Greer to answer for the debt, default or miscarriage of Parker not being in writing was within the statute of frauds (R. S., sec. 2513), and not binding on him, and his act in suffering his money in hands of Billingsley & Nanson to be applied by them to this purpose was voluntary and cannot be the foundation of an action against Parker, the maxim *volenti non fit injuria* applies. *Hollinsbee v. Ritcher,* 49 Ind. 261; Baylies on Surety & Guar., 350; *Pitt v. Passord,* 8 Mees. & W. 530; *Davis v. Humphrey,* 6 Mees, & W. 143; *Lucas v. Jeff. Ins. Co.,* 6 Cow. 635; *Frith v. Sprague,* 14 Mass. 455; *Hatch v. Pegram,* 21 La. Ann. 722; *Randolph v. Randolph,* 2 Rand. 490. (4) The failure of Philips to arrive at the hour appointed for resuming the further hearing of the case, was an unforeseen disappointment in a reasonable expectation, against which ordinary prudence, would not have afforded protection, without any element of negligence; and was such *surprise* as would justify the interference of this court. *Fretwell v. Lafoon,* 77 Mo. 26; *Peers v. Davis,* 29 Mo. 184. A distinction is to be made between the surprise necessary to furnish ground of new trial, and that which is to *delay* trial. The court was asked to delay the trial a few hours,

which could not have prejudiced the plaintiffs. Hillard on New Trials, 425 (1886); *Williams v. Weatherby*, 1 N. H. 18. The *surprise* was clearly established and the consequences could have been avoided by laying the case over a few hours. Defendant nor his attorneys were guilty of any *laches*. They applied for relief at the time, and the consequences could have been avoided on another trial; in such cases courts of last resort will interfere. *Delmas v. Martin*, 39 Cal. 555; *Patterson v. Ely*, 19 Cal. 28. Courts of last resort will not permit an opposite party to perpetuate a fraud through the negligence of an attorney. *Spaulding v. Meir*, 40 Mo. 176; *State v. Lavis*, 11 Mo. 438. This court ordered a new trial where an attorney had been surprised by misconstruction of decision of this court as to admissibility of secondary evidence. *Boyce v. Mooney*, 40 Mo. 104. Where a witness absented himself after subpœna on him, a new trial must be granted on payment of costs. *Ruggles v. Hall*, 14 John. 112. The statute guarantees to every party to a civil action the right to defend in person or by attorney. R. S., sec. 3564. In the administration of justice, counsel are as much a part of the court as the judge who presides over the proceedings. The duties of the bench and bar differ in kind, not in purpose. The argument of a case is as much a part of the trial as the hearing of evidence. *Brown v. Swinford*, 44 Wis. 282; *Wynn v. Lee*, 5 Ga. 237; *Meredith v. People*, 84 Ill. 480.

*O. L. Houts* and *John J. Cockrell* for respondents.

Plaintiffs' first instruction was correct. The facts sustain it and it corresponds with the petition. If there was a variance between the petition and the evidence, the proper course to take advantage of it was not pursued. *Briggs v. Munchon*, 56 Mo. 467; *Ely v. Porter*, 58 Mo. 158; *Wells v. Sharp*, 57 Mo. 56; *Bennett v. McCanse*, 65 Mo. 194. Plaintiffs' second instruction was correct. The burden of proof always rests on the party

undertaking to prove any fact. Whar. on Ev., sec. 357, p. 307; *Nichols v. Winfrey*, 79 Mo. 550. For the same reasons plaintiffs' fourth instruction is correct. Where defendant confesses and avoids the burden is on him. *St. Louis Tow Co. v. Orphans' Ins. Co.*, 52 Mo. 529. The words, "preponderance of evidence," as used in plaintiffs' instructions, are proper. *Gay v. Southworth*, 113 Mass. 333; Sackett on Instructions, 39, 89, 114, 126, 184, 213, 318; 1 Wharton on Evidence, sec. 357, p. 306; *Huchberger v. Ins. Co.*, 5 Bissell 106; *Hanken v. Squeres*, 5 Bissell 186; *Fullerton v. Bank*, 1 Pet. (U. S.) 616. The sixth instruction asked by defendant was properly refused. It is contradictory in itself and does not make good sense. Defendant did not object to plaintiffs' instructions at the time of the trial. Unless objections are made and exceptions saved at the time, this court will not review them. *Wells v. Zalle*, 59 Mo. 509; *Walsh v. Allen*, 50 Mo. 181; *Koegel v. Givens*, 79 Mo. 77; *Shaw v. Potter*, 50 Mo. 281; *Van-Cleve v. Gilstrap*, 50 Mo. 412; *Mattingly v. Moranville*, 11 Mo. 604; *Devlin v. Clark*, 31 Mo. 22; *Calvert v. Alexander*, 33 Mo. 149; *Case v. Fogg*, 46 Mo. 44. There is no ground for reversal, because of the absence of one of defendant's counsel. He was represented by competent counsel, the same who appears in this court. The granting of continuances is a matter wholly within the discretion of the trial court. This is particularly true as applied to the action of the court in refusing to wait for absent counsel. *Jacob v. McLean*, 24 Mo. 40; *Gheike v. Jod*, 59 Mo. 42.

NORTON, J.—This a suit to recover from defendant the sum of $2,340, alleged to have been paid on the fourth of October, 1881, by plaintiffs, at the request of and for the use of defendant, to Billingsley & Nanson, a firm doing business in the city of St. Louis. The answer denies this allegation. On the trial, plaintiffs had

judgment for the sum claimed, with interest, from which defendant has appealed.

No objections were made nor exceptions saved to the reception or rejection of evidence, nor were any exceptions saved to the action of the court in giving and refusing instructions, except to its action in refusing the sixth instruction asked by defendant, which is as follows:

"The court instructs the jury that defendant, Parker, was not liable on the contracts of purchase read in evidence for any loss Billingsley & Nanson may have sustained thereon, unless he agreed to and with them to become liable therefor, and if the jury find that the sum of money mentioned in the petition was paid by plaintiffs to Billingsley & Nanson to indemnify them for any loss they may have sustained by virtue of said contracts after such loss had occurred, you will find for defendant, unless you find and believe from the evidence that defendant, Parker, requested Billingsley & Nanson to pay same or agreed to and with them to become liable therefor."

This instruction was properly refused, first, because it was misleading in referring to a liability arising on contracts of purchase read in evidence when the record, in point of fact, does not show that any contracts were read in evidence; and, second, it entirely ignores the question as to whether plaintiffs paid money to Billingsley & Nanson at defendant's request and for his use, which was the only real matter in issue under the pleadings.

It appears from the record that the introduction of evidence was concluded on Saturday evening, the seventeenth of February, 1883, and the cause was then, at the request of defendant's counsel, and by consent of plaintiffs, postponed to Wednesday morning, February 21, on which day at ten o'clock the jury came, and the cause coming on to be heard on argument, S. P. Sparks, one of defendant's attorneys, asked that the argument be postponed till the next day, because of the absence of John F. Philips, his co-counsel, to whom had been intrusted the management of the case, including the drawing of

Greer v. Parker.

instructions, argument to the jury, etc. ; that said Philips had by misadventure failed to make railroad connections and could not reach the place of trial before nine o'clock that night; that said Sparks was thus surprised, and caught unprepared either to argue the case, or then draw instructions.  Plaintiffs objected to any further postponement and proposed to submit the case without argument, which proposition defendant declined, and thereupon the court directed that the cause be proceeded with, whereupon instructions both on behalf of plaintiffs and defendant were presented, all of which were given, except the sixth instruction asked by defendant, and hereinbefore referred to.  The cause was then argued and submitted to the jury.  In the motion for new trial the above facts are set out as a ground for setting aside the verdict and granting a new trial.  In support of the motion, affidavits of Sparks and Philips were filed, to the effect that Philips, to whom it had been agreed between defendant and his counsel, that the drafting of instructions and argument of the case to the jury should be confided, had by unavoidable accident been prevented from being present on Wednesday, the day to which the cause had been laid over from the preceding Saturday, at request of defendant and by consent of plaintiffs, to enable said Philips to attend the Daviess county circuit court, at Gallatin; that in consequence of such absence Sparks was unprepared to proceed with the cause.

Counter affidavits were filed by Mr. Cockrell and Mr. Houts, plaintiffs' attorneys, to the effect that defendant was represented in the trial of the cause by Sparks, Comingo, and Philips, and that, while they were desirous when the evidence closed that the cause should proceed regularly, they did, for the accommodation of defendant, consent to its postponement till Wednesday; that they had no knowledge of an agreement between the counsel of defendant and defendant that the preparation of the instructions and argument of the cause

was confided solely to Philips; that Sparks was the senior counsel for defendant in the case, had filed the answer, and attended at the taking of depositions, examined the witnesses, etc., and that Philips made his first appearance in the case when called for trial; that after the evidence closed, Sparks told one of plaintiffs' counsel that he had prepared instructions and given them to his co-counsel; that they proposed to defendant's counsel to submit the case to the jury without argument which they declined, and insisted upon arguing it; that it was argued by Mr. Sparks for defendant for one hour, the same time allowed to plaintiff's counsel; that on Wednesday, after the usual time for the trial had passed, the court, at the request of defendant's counsel, gave them further and ample time to prepare instructions, and after argument by counsel for plaintiff to the jury, the court permitted defendant's counsel to prepare and submit other and additional instructions.

There is nothing whatever in the affidavits above alluded to tending to show that defendant, by reason of the failure of Philips to reach the place of trial on Wednesday for the purpose of presenting instructions, and arguing the case, was left before the court without an attorney fully competent to prepare instructions and argue the cause. It is true, Mr. Sparks states that Philips had been relied on by himself and his client to do these things, and that in consequence of his absence he, was taken by surprise, and was unprepared then to present instructions or argue the case, but the court gave him time to prepare instructions, and, also, further indulged him, after plaintiff's counsel had argued the case to the jury, to prepare and present other instructions. It also appears that defendant's counsel not only refused to submit the case to the jury without argument, as proposed by counsel for plaintiffs, but insisted upon the argument. If the facts disclosed in the affidavits had shown or tended strongly to show that by the unavoid-

able accident which prevented Philips from being present, that the defendant had been left without any counsel at all, or with counsel incompetent and unfit to present his case either to the court or jury, the case might then be controlled by the principle announced in the cases to which we have been cited, that a party has a right to be, heard by himself and counsel.

The trial judge who heard the argument, did not feel authorized, nor do we feel authorized on the facts before us without having heard it, to say that Sparks, who was the senior counsel in the case, had prepared and filed the answer, attended the taking of depositions, thus familiarizing himself with the facts, was incompetent either to present the law of the case to the court or the facts of the case to the jury, but, on the contrary, from the brief on file by him in this court, we are justified in drawing the inference that he was entirely competent to perform either of these duties. For reasons similar to those given in the case of *Jacob v. McLean*, 24 Mo. 40, we are unwilling to say that the trial judge erred in overruling the motion for new trial.

Judgment affirmed, in which all concur.