CALDWELL ET AL. v. TROWBRIDGE, SHERIFF.

1. **Chattel Mortgage:** INSUFFICIENT DESCRIPTION. A description in a chattel mortgage in these words: "Sixty head of two and three year old steers, and forty head of yearling steers," *held* too indefinite to give notice of a lien on any particular steers. See opinion for cases distinguished.

*Appeal from Shelby Circuit Court.*

SATURDAY, DECEMBER 19.

ACTION IN REPLEVIN. There was a trial to the court, and judgment was rendered for the defendant. The plaintiffs appeal.

*J. Lyman* and *J. W. De Silva,* for appellants.

*Macy & Gammon* and *Smith & Cullison,* for appellee.

ADAMS, J.—The property in question consists of nineteen steers, each two years old at the time the action was brought, and nineteen steers each one year old at the time the action was brought. The plaintiffs claim a right to the immediate possession of the steers by virtue of an alleged chattel mortgage executed to them by one Peterson. The defendant claims the right of possession as sheriff of Shelby county, by virtue of an alleged levy of writs of attachment issued against the property of said Peterson.

Several questions are presented, but it will be sufficient to determine one of them, and that is as to whether the description in the mortgage is sufficient to cover the property in question. The defendant contends that it is not, and, in our opinion, his position must be sustained. The description is in these words: "Sixty head of two and three year old steers, and forty head of yearling steers; also, sixty-five acres of standing corn, situated in Clay township, Shelby county.

The counsel for the respective parties discuss the question as to whether the word "situated" refers to steers as well as corn. We do not find it necessary to determine this question, because, if it should be conceded that the word refers to steers, we still think that the description is fatally defective. It does not purport to apply to specific steers. There is no suggestion that the steers were all the steers of that age, which the mortgagor owned in that township, and, if he had others, the mortgage would apply equally to all. The plaintiffs rely upon *Smith v. McLean*, 24 Iowa, 322; *Rowley v. Bartholemew*, 37 Id., 374; *Yant v. Harvey*, 55 Id., 421, and *Stephens v. Pence*, 56 Id., 257. In *Smith v. McLean*, the description held .sufficient was in these words: "Five freight wagons and twenty-five yoke of cattle, being the train now in my possession." The description was such as to imply that the mortgagor had but one train in his possession. It purported, therefore, to cover a specific train. In *Rowley v. Bartholemew*, the question was not as to whether the description was sufficiently definite to cover any property, but whether it was sufficiently correct to cover the property in question. In *Yant v. Harvey*, the property mortgaged was a horse, and was described not only by its color, but as being on a certain farm. In *Stephens v. Pence*, the property mortgaged was a stock of goods, and was described as being in a certain store. None of these cases appear to us to be applicable to the case at bar. In our opinion, then, the description is fatally defective, and the plaintiffs failed to show any interest in the property replevied.

AFFIRMED.