THE STATE TO THE USE OF McGRATH ET AL., Appellant, v. JAMES CARROLL ET AL., Respondents.

St. Louis Court of Appeals, January 18, 1887.

1. EXECUTIONS—EXEMPTIONS—LIMITATION OF.—An execution debtor can not claim full exemptions against the same creditor on each of several successive levies of execution under the same judgment, but when a part of his exemptions has been set apart under one levy the residue may be set apart under another.

2. ———— MORTGAGES — EQUITY OF REDEMPTION.— After condition broken, the mortgagee is the legal owner of mortgaged chattels, and the mortgageor's equity of redemption therein is not the subject of levy and sale under a judgment against him.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed and remanded.*

E. A. B. GARESCHÉ, for the appellant : Full exemptions can not be claimed under each of several levies of an execution. Thompson on H. & E., sect. 856 ; *Voelsong v. Beltzhover*, 59 Pa. St. 57.

T. J. ROWE, for the respondents : It was the duty of the defendant, Carroll, to set apart to Vandaveer the property described in the petition herein, under his exemption claim. *Kulage v. Schueller*, 7 Mo. App. 252. The interest of a mortgageor, after condition broken, can not be seized and sold under execution, and consequently the appellant was not damaged by reason of the release of the levy, made under execution, in favor of *McGrath v. Vandaveer. Rodgers v. Lidwell*, 3 Mo. App. 600 ; 15 Mo. 288 ; 16 Mo. 317. " A mortgagee of personal property is, after the time for redemption is past, regarded in the law as the absolute owner, and may dispose of the property as he pleases." *Robinson*

*v. Campbell*, 8 Mo. 365; 8 Mo. 615; *McCandless v. Moore*, 50 Mo. 511; 56 Mo. 437.

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs obtained judgment against one Vandaveer, before a justice, and caused the execution on said judgment to be levied upon a horse. The horse was sold, under the execution, for three hundred and twenty-five dollars, and three hundred dollars of the proceeds was set apart to the defendant in the execution, who was the head of a family, and claimed the amount as exempt from execution under the provisions of section 2346, Revised Statutes.

The execution was thereafter renewed by the justice under the provisions of section 3018, of the Revised Statutes, and under the execution thus renewed the constable made, by the plaintiffs' direction, a levy upon the household goods of Vandaveer, which were appraised at $405.30. The constable, thereupon, although notified by the plaintiffs not to do so, set apart to Vandaveer, as specifically exempt from execution, three beds and bedding, appraised at $30.50, and other household and kitchen furniture of the value of one hundred dollars, and the residue of the property, of the appraised value of $274.80, he set apart as likewise exempt under the provisions of section 2346, Revised Statutes. He thereupon returned the execution *nulla bona*.

The plaintiffs brought this action on the constable's bond, against him and his sureties, to recover damages caused to them by his official misconduct, in illegally setting apart the residue of the household goods, of the value of $274.80, to the defendant, Vandaveer, on the renewed execution, and in wrongfully returning said execution *nulla bona*.

The answer of the defendants is a general denial. On the trial the facts appeared as above stated. There was also evidence tending to show, that the household goods levied on, with the exception of two articles, the

value whereof does not appear in the testimony, were, at the date of the levy, subject to a chattel mortgage, which at that date was forfeited for condition broken. The mortgage was read in evidence by the plaintiffs.

No objection was made, or exception saved, worthy of notice, to the admission of testimony, and, under the uncontroverted facts of the case, only two questions are brought before us by the record : (1) Can a defendant, in an execution, make several claims of exemption under the same sections of the statute, where successive levies are made under the same execution, on different property? (2) Is the interest of a mortgageor of chattels who remains in their possession after condition broken, subject to levy and sale on an execution issued against him ?

Both these questions must be answered in the negative on principle and authority. A judgment debtor can not have more than one full exemption against the same judgment simply because successive levies are made thereunder. It is true, that if property is set apart to him as exempt from execution, it can not afterwards be subjected to a second levy under the same judgment, and there is good reason for holding that this can not be done, even though he converted the property thus set apart into other property. But where, as in this case, it appears that the debtor, at the date of the levy, owns other property than the property levied on, and his exemption is set apart to him out of the property levied on, a subsequent levy, under the same judgment, on such other property, will not entitle him to an additional exemption under the clause of the statute, when that exemption was accorded to him in full under the former levy. If this could be done, he would, instead of three hundred dollars, "get six hundred dollars, under the exemption law, against the same creditor, and the same debt, and the same judgment." *Vogelsong v. Beltzhover*, 59 Pa. St. 58; Thompson on Hom. & Ex., sect. 856.

Until the possessory right of the mortgageor ceases, his interest in the chattels covered by the mortgage is the subject of seizure and sale, under an execution, at the instance of his creditors. That is the law in other states (*Hall v. Sampson*, 35 N. Y. 274; *Merritt v. Niles*, 25 Ill. 282; *Saxton v. Williams*, 15 Wis. 292), and has been the law practically recognized in this state. But we are not aware of any holding that the mortgageor's equity, after condition broken, is subject to such seizure anywhere, and it has been held, in a long line of decisions, that it is not the subject of such seizure in this state. *King v. Bailey*, 8 Mo. 332, 334; *Yeldell v. Stemmons*, 15 Mo. 443; *Boyce, Adm'r, v. Smith, Adm'r*, 16 Mo. 317; *Rogers v. Lidwell*, 3 Mo. App. 600.

The plaintiffs claim that the court, under all the circumstances, was justified to assume that, notwithstanding the fact that the mortgage debt had matured, there was still such possessory right left in the mortgageor as to make his interest in the goods the subject matter of a levy. The plaintiffs also claim that, as the defendants have not relied on the mortgage in their answer, they could not give it in evidence. Neither of these claims is tenable. The mortgage was given in evidence by the plaintiffs themselves, and, in the absence of any explanation, it appeared conclusively, by its terms, that its condition was broken, and that the mortgagee, and not the mortgageor, was, at the date of the levy, the legal owner of the goods.

As it appears, however, that the constable did act wrongfully in setting apart part of the property to Vandaveer, on the second levy, and, as it moreover appears, that part of the property (value not shown), was not covered by the mortgage, the plaintiffs were entitled to nominal damages under the undisputed facts of the case, and the judgment must be reversed.

It is ordered that the judgment be reversed, and that the cause be remanded to be proceeded with in conformity with this opinion. All the judges concur.