Lafayette County Bank and Joseph Wilson, Trustee, Respondents, v. J. Metcalf et al., Appellants.

Kansas City Court of Appeals, February 20, 1888.

1. Chattel Mortgage—Recording of in County Where Mortgageors Resided, and Where Property Situated, Sufficient—Case Adjudged.—Where a chattel mortgage was put on record (as in this case) in the county where the mortgageors resided, and where the personal property was situated, defendants dealing with the property, even in another state, are to be treated as if they knew of the existence of the mortgage ; and in such case the office of mere commission merchant would not shield defendants.

2. ―――― Rights of Mortgagee Concerning—Following of Property Into Another State.—Also, where the mortgage is good as between the parties (as in this case), and binding on the public, in this state, where it was recorded ; by the rule of comity, it is valid against the property outside of the state, and the property may be followed by the mortgagee with his mortgage.

3. ―――― Title and Possession of Property—Sale and Transfer of Property—Case Adjudged.—Where, by express stipulation (as in this case), the mortgagors were to remain in possession of the property, until default be made in the payment of the debt and interest, or some part thereof ; and the debt is not due at the time of an alleged conversion by sale, the possession is, by the terms of the mortgage, in the mortgagors. Under such circum-

stances, the mortgageors have the title to the property, and having the possession they have an interest which they may sell, and may transfer the possession to the vendee.

4. —— PROVISION AUTHORIZING TRUSTEE TO TAKE POSSESSION OF PROPERTY—EFFECT OF.—A provision in a mortgage which authorizes the trustee to take possession of the property in certain contingencies (as in this case), confers a right which he may or may not exercise, at his option.  In such case, until the mortgagee exercises such option, and either so takes or demands the possession, the possession remains with the mortgageor until default in the payment of the debt ; and a sale made by him before such default, or assertion of right under the option, will not support trover against the vendee or agent making the sale.

5. —— SELLING OF MORTGAGED PROPERTY UNDER SECTION 1341, REVISED STATUTES—CONSTRUCTION OF. —Section 1341, Revised Statutes, has no application to such a case as this.  That section makes the act of the mortgageor, in selling the mortgaged property without the mortgagee's consent, a penal offence; and is designed to protect the mortgagee against the fraudulent acts of the mortgageor, as by disposing of the property against the rights of the mortgagee.

6. —— DESCRIPTION OF PROPERTY—WHEN VOID FOR UNCERTAINTY. Where there is enough on the face of the mortgage (as in this case), to so identify and locate the cattle described therein, as to render it *prima facie* good ; yet if the opposing evidence tends to show that there was, at the same time, on the same farm, and running together, more than the number mortgaged of a like description, the mortgage is void for uncertainty of description in fact.

7. PRACTICE — INSTRUCTIONS IGNORING FACTS IN EVIDENCE — WHAT THEY SHOULD EMBRACE.—Where a single instruction is given by the court, which authorizes a verdict predicated of the facts therein stated to be found, it is bad, if it omits other facts in evidence which would authorize a different result.  It should embrace all the issues which there is any evidence to support.

8. —— RIGHT TO OPEN AND CLOSE ARGUMENT.—The rule is, that he who holds the laboring oar should have the right to open and close the argument to the jury.  So that where, under the instructions, the plaintiff is entitled to a verdict, unless the jury should find the facts predicated in the instructions to be proved by the defendant, the defendant should be allowed to open and close the argument.

APPEAL from Johnson Circuit Court, HON. CHARLES W. SLOAN, Judge.

VOL. xxix—25

*Reversed and remanded.* .

The case is stated in the opinion.

TAYLOR & POLLARD and O. L. HOUTS, for the appellants.

I.   The petition fails to state facts sufficient to constitute a cause of action, in this : It shows that the plaintiffs, at the date of sale of the cattle by appellants, had neither the right of possession nor the ownership of said cattle. *Barnet v. Timberlake*, 57 Mo. 501 ; *Sheble v. Curdt*, 56 Mo. 437 ; *Stonebraker v. Ford*, 81 Mo. 532 ; *Burnet v. Gustafson*, 54 Ia. 36 ; *Caldwell v. Pray*, 41 Mich. 307 ; s. c., 32 N. W. Rep. 54 ; *Beach v. Derby*, 19 Ill. 617 ; *Spalding v. Mozier*, 57 Ill. 148 ; *Sherman v. Clark*, 24 Minn. 37 ; *Davis v. Bruce*, 1 Mont. 463 ; *Porter v. Parmley*, 43 How. Pr. 445 ; *Hathaway v. Brayman*, 42 N. Y. 322 ; *Hammill v. Gillespie*, 48 N. Y. 556 ; *Skiff v. Solace*, 23 Vt. 279 ; *Cole v. Clark*, 3 Cush. 399.

II.   The mortgage was void because of the insufficient description of the property to be covered thereby. *Goddard v. Jones*, 78 Mo. 520 ; *Stonebraker v. Ford*, 81 Mo. 532 ; *Golden v. Cockrell*, 1 Kas. 259 ; *Blakeley v. Patrick*, 67 N. C. 40 ; *Caldwell v. Trowbridge*, 26 N. W. Rep. 49 ; *Price v. McComas*, 31 N. W. Rep. 511 ; *Eggert v. White*, 13 N. W. Rep. 429.

III.   The trial court erred in refusing the appellants' request to open and close the case to the jury. *Carson v. Porter*, 22 Mo. App. 186 ; *Wade v. Hardy*, 75 Mo. 401 ; *Bates v. Forcht*, 89 Mo. 128 ; *Foley v. Alkire*, 52 Mo. 316 ; *Porter v. Jones*, 52 Mo. 403.

IV.   The court erred in giving plaintiffs' and refusing defendants' instructions. See cases cited *supra*.

GRAVES & AULL, for the respondents.

I.   By the record proper no error is apparent. No exception whatever was saved by the appellants to the action of the circuit court in overruling the motions in

arrest of judgment and for a new trial, and the appeal should be dismissed. This point is conclusively established by the decision in the case of *State v. Hitchcock*, 86 Mo. 231, in which the decision, as therein made, is herein literally quoted as follows, to-wit: "This cause is before us on a writ of error prosecuted by the plaintiff from a judgment of the Harrison county circuit court, rendered in favor of the defendants. The record fails to show that any exceptions were taken to the action of the court in overruling the motions in arrest of judgment and for new trial, and finding no error in the record proper, the judgment is affirmed." Unless the abstract presented by appellants shows such exceptions to be taken to the action of the trial court as will warrant a reversal, thereby setting forth the error complained of, this court will consider that no error has been committed. According to the decision of Philips, P. J., in *Algear v. Walsh*, 24 Mo. App. 142, unless the party alleging error makes it apparent by his abstract of the record, this court will presume that no error has bee.. committed. Directly in support of this motion see decision of this court by Hall, J., in *Goodson v. Railroad*, 23 Mo. App. 77. But the most conclusive decision is that of Philips, P. J., in *Coy v. Robinson*, 20 Mo. App. 462. This decision, we submit, is conclusive upon this motion.

II. *Prima facie*, as well as by the evidence in this case, this mortgage was valid as between the mortgageors and mortgagees, and, therefore, was valid as against appellants, the agents of the mortgageors. *Stonebraker v. Ford*, 81 Mo. 538; *Smith v. McLean*, 24 Ia. 322; *Hayes v. Wilcox*, 17 N. W. Rep. 110; *Rowley v. Bartholomew*, 37 Ia. 374; *Ivins v. Hines*, 45 Ia. 73; Jones on Chat. Mort., sec. 54, *et passim; Griffith v. Wheeler*, 2 Pac. Rep. 842; *Muir v. Blake*, 11 N. W. Rep. 621; *Tolbert v. Horter*, 22 N. W. Rep. 126; *Yant v. Harvey*, 7 N. W. Rep. 675; *Allgear v. Walsh*, 24 Mo. App. 142.

III.   If this mortgage was good between the mortgageors and mortgagees in Lafayette county, it was also good against the mortgageors' agents, Metcalfe, Moore & Company, notwithstanding their place of business was in East St. Louis.  It being duly recorded, even third persons, non-residents, would be affected with notice thereof.   *Feurt v. Powell*, 62 Mo. 526 ; *Spraights v. Hawley*, 39 N. Y. 441 ; *Keenan v. Stinson*, 20 N. W. Rep. 364 ; *Kock v. Branch*, 44 Mo. 543 ; *Rice v. Cobb*, 9 Cush. 303 ; *Marks v. Robinson*, 2 South. Rep. 292 ; *Hamilton v. Caruthers*, 19 Mo. App. 567 ; *Martin v. Benoist*, 20 Mo. App. 270 ; *McCandless v. Moore*, 50 Mo. 512 ; *Judson v. Cooke*, 11 Barb. 642 ; *Mendenhill v. Rainor*, 2 Hilt. 319 ; *Fox v. Jackson*, 8 Barb. 355 ; Story on Agency [8 Ed.] sec. 312, and cases cited.

IV.   Appellants' third point is untenable wherein they claim that at the date of the sale of the cattle the respondents had not the right of possession.   The terms of the mortgage itself gave respondents that right.  See, also, *Allen v. McMonagle*, 77 Mo. 481, and cases cited ; *Crocker v. Atwood*, 12 N. E. Rep. 421.

V.   The instruction granted for respondents was correct in naming the sum of $1,212, or, at least, contained no error on that account.   The calculation shows $1,312 due.  If any error exists therein it is harmless. *Wells v. Zallee*, 59 Mo. 509.

VI.   The court properly instructed concerning ratification.   *Windsor v. Bank*, 18 Mo. App. 665.

VII.   There was no error in the action of the court concerning the instruction as to the weight of evidence ; nor in refusing the appellants the opening and concluding argument to the jury.   1 Greenl. Evid. [13 Ed.] sec. 74 ; *Ibid*, p. 94, note 1.

Taylor & Pollard, in reply.

I.   Not one of the authorities cited by respondents controverts the doctrine established by the authorities cited in our brief.

II.   The mortgage is void as between the imme-

diate parties to it. It created no lien because of its vagueness.

III. The clause in the mortgage authorizing the mortgagee to take possession in a certain case is an option, which in no way affects the mortgageors' ownership, unless and until the mortgagee acts upon the option, and actually enters and takes possession.

PHILIPS, P. J.—The facts of this case, briefly, are about as follows : Taylor B. Winn and James M. Winn borrowed of the plaintiff bank the sum of two thousand dollars, to secure which they executed to Joseph Wilson, as trustee for the bank, a chattel mortgage, in the form of a deed of trust, on eighty-five head of cattle, being fattened on the farm of said Winns, in Lafayette county, for market, together with one hundred and fifty head of hogs following said cattle. The note was payable six months after date. About a month before the maturity of the note, the Winns, being in possession of the cattle, shipped them to the defendants, who were commission merchants at East St. Louis, in the state of Illinois, to sell for the said Winns. Defendants accordingly sold the said cattle, and paid over the proceeds, after deducting about forty-one dollars for their commission, and other charges for feed and lotting, to another bank, a creditor of the said Winns, and sending the Winns a check for the balance, amounting to over nine hundred dollars, which check they delivered to the plaintiff bank in part payment of the mortgage debt, and obtained an extension of time on the balance. The bank claims that it did not know, when it so received and applied said check, that the mortgageors had sold the cattle, or that the check was the proceeds of such sale. It claims that it did not discover the fact of the removal of the cattle for nearly one year thereafter. The defendant's evidence tended to show that the bank, through its cashier, was informed of the fact of the shipment and sale of the cattle, and was told that the check was part of the proceeds of such sale, at the time

of the payment. There was also some evidence on the part of defendants tending to show that there were about ninety-five head of cattle on the farm belonging to the Winns, of a like description with the eighty-five head described in the mortgage.

At the conclusion of the plaintiffs' evidence the defendants demurred thereto, which the court refused. The court directed the jury, in effect, that unless they found from the evidence that the bank knew when it received the said check that it was part of the proceeds of the sale of said cattle, and intended, when it gave the credit on the note, to ratify the sale, they would find for the plaintiff the balance due on said note. The whole amount of the sale so made by defendants was over six thousand dollars. The jury returned a verdict for the plaintiff, and defendants have appealed.

I. This action is in the nature of trover, and the important question, lying at the very threshold of this controversy, is, can' the plaintiffs, as mortgagees, maintain the action of trover against these defendants for the balance due on the mortgage ?

It may be conceded to the plaintiffs that defendants are to be treated the same as if they knew of the existence of the mortgage (it having been put to record in Lafayette county, where the mortgageors resided and the cattle were situated). In such case the office of mere commission merchant would not shield defendants. *Spraight v. Haylew,* 39 N. Y. 441 ; *Koch v. Branch,* 44 Mo. 543. It may further be conceded, that the mortgage being good as between the parties, and binding on the public, in the state where it was executed and recorded, by the rule of comity, was valid, and pursued the property outside of the state, where plaintiffs might have followed it with their mortgage. *Smith v. Hutchings,* 30 Mo. 385 ; *Rice v. Cobb,* 9 Cush. 303.

The mortgage in question contained the following conditions :

" And in case default is made in the payment of

the debt above mentioned, or any part thereof, or of the interest due thereon, on any day when the same ought to be paid, then the whole sum shall, at the election of the said Joseph Wilson, cashier and trustee for said bank, become immediately due and payable. The property hereby sold and conveyed to remain in our possession until default be made in the payment of the said debt and interest, or some part thereof; but in case of a sale or disposal, or attempt to sell or dispose, of said property, or a removal of, or attempt to remove, the same from the farm where it now is, without the written consent of Wilson endorsed thereon, or an unreasonable depreciation in value thereof, the said Joseph Wilson, cashier and trustee, or legal representative, may take the said property, or any part thereof, into his possession."

By its express stipulation the mortgageors were to remain in possession of the property "until default be made in the payment of the debt and interest, or some part thereof." It is conceded that, at the time of the alleged conversion, the debt, or any part thereof, was not due. The possession then, at the time of the alleged conversion, by the very letter of the bond, was in the mortgageors. No rule of law is better settled than that the mortgageors, under such circumstances, have the title to the property; and having the possession they have an interest which they may sell, and may transfer the possession to the vendee. It is an interest which may be seized under process at the suit of another creditor of the mortgageor, and sold, and the purchaser will take the possessory right and the title of the mortgageor; subject, of course, to the lien of the mortgage. *Barnett v. Timberlake*, 57 Mo. 501; *State ex rel. v. Carroll*, 24 Mo. App. 361; *Spaulding v. Mozier*, 57 Mo. Ill. 143; *Porter v. Parmley*, 43 How. Pr. 445; *Hathaway v. Brayman*, 42 N. Y. 325.

Plaintiffs, however, rely for support of the action upon the other provision of the mortgage deed, which authorized the trustee to take possession of the property in case the mortgageors sold, or removed the cattle, etc.

It is to be observed that this provision, designed for the greater security of the mortgagee, is entirely optional with the mortgagee.  He "may take the said property, or any part thereof, into his possession." It is an option which he may or may not exercise.  Authorities of high character hold, in such a case, that until the mortgagee exercises such option, and either so takes or demands the possession, the possession remains with the mortgageor until default in the payment of the debt ; and a sale made by him before such default, or assertion of right under the option, will not support trover against the vendee . or agent making the sale. *Skiff v. Solace*, 23 Vt. 279 ; *Hathaway v. Braynard*, 42 N. Y. 325 ; *Hamell v. Gillespie*, 48 N. Y. 556 ; *Caldwell v. Pray*, 41 Mich. 307.

The case of *Skiff v. Solace, supra*, is not, in so far as the question here involved is concerned, overruled by that of *Jones v. Taylor*, 30 Vt. 42.  Only so much of the opinion of the former case as asserted the proposition that, although a chattel mortgage, valid by the laws of the state where executed and recorded, without a change of the possession of the mortgaged property, when such property is brought within another jurisdiction, it would be subject to seizure under process of attachment at the suit of another creditor, without regard to the form of the action, or whether there had been any forfeiture of the conditions of the mortgage, was disapproved by the latter case.  Nor do I think that section 1341, Revised Statutes, has any application to this case.  That section makes the act of the mortgageor, in selling the mortgaged property, without the mortgagee's consent, a penal offence.  This point is fully settled against the contention of respondent by the case of *Gage v. Whittier*, 17 N. H. 312.  The court say of a statute similar to the one in question, that such provision was designed for the better protection of the mortgagee against the fraudulent acts of the mortgageor, in causing the property to pass· into the hands of others, and being removed to distant points, to the inconvenience

and expense of the mortgagee in recovering it ; and to further protect from imposition third parties in dealing with the property in ignorance of the mortgage. The court say : "It does not in terms prohibit the purchase of it, or declare such transaction void. The sale being prohibited and a penalty inflicted upon the seller, the transaction, as to him, is void, and he could not maintain an action for the avails of such a sale, or founded in any manner upon such illegal transaction. But it is another thing to say, that one who has purchased a mortgage chattel and taken it into his possession shall take nothing by his purchase, merely upon the ground that the sale was prohibited by law, and that a penalty was provided against the party making the sale. * * * It was no part of its design to interpose any restraint upon the alienation of personal property, etc. The mortgageor cannot safely proceed without the written assent of the mortgagee. But the statute does not require anything not previously required, in order to give a good and sufficient title to the purchaser of the mortgaged chattel. As against the mortgagee, the attempt of the mortgageor to pass the property was ineffectual before the statute as it is since, and it was not the object of the statute to strengthen the title of the mortgagee, * * * but only, as has been said, to prevent the loss and inconvenience arising, in various ways, from the attempts of a fraudulent mortgageor to dispose of the property against the rights of the mortgagee."

It follows that, so far as concerns those who take under the mortgageor, in their liability to the mortgagee, this statute has wrought no change in the common-law rule announced above. This was, presumably, the view entertained by the St. Louis Court of Appeals, in *State to use v. Carroll*, 24 Mo. App. 358, as that opinion was delivered after said statute was enacted. Nor do I think that section 1018, Revised Statutes, concerning the necessity of a demand, is applicable to this case. By the terms of the mortgage the

right secured to the mortgagee was to take possession of the property upon the contingency of its removal or sale, before maturity of the debt. While the plaintiffs, without first making a demand, might have maintained the appropriate action for the recovery of the property itself, yet, when they sought to recover *in assumpsit*, or trover, the money value of the property, or its proceeds, prior to the maturity of the debt, or an election under the option, a demand was essential to entitle them to a money judgment. This distinction, I think, is clearly made by our Supreme Court in *Weil v. Tyler*, 38 Mo. 545, *loc. cit.*, and *State v. Mooney*, 65 Mo. 494, 496. But my associates are of opinion that, under the facts of this case, no demand was necessary to maintain this action.

II. The sufficiency of the description of the mortgaged property is assailed by the defendants. This description, as shown by the record, is as follows : "The following described personal property and live stock now being upon the farm of the said Taylor B. Winn, in said county of Lafayette, to-wit, eighty-five head of feeding cattle, being two and three years old, which said cattle said Taylor B. Winn and James Winn are fattening for market; also, one hundred and fifty fattening hogs, which are on the same farm, and which are following and being fattened with said cattle for market."

It may be conceded to plaintiffs that there is enough on the face of the mortgage to so locate and identify the eighty-five head of cattle as to render it *prima facie* good. But defendants' evidence tended to show that there were, at the same time, on this farm, more than eighty-five head of cattle of a like description ; and while the fact is not as distinctly developed as it ought to have been by defendants, that all of these cattle were together on the farm, yet, the evidence, taken as a whole, bearing on this issue, was of such character as to have warranted the jury in drawing the inference that there were more than eighty-five head of such cattle running

together on this farm, of like description. If that was so, the mortgage was void for uncertainty of description in fact. For, in such case, there was nothing to separate and distinguish the eighty-five head from the larger quantity of a like description, with which they were running. *Stonebraker v. Ford*, 81 Mo. 532, *loc. cit.; Caldwell v. Trowbridge*, 26 N. W. Rep. 49; *Price v. McComer*, 31 N. W. Rep. 51.

The instruction asked by defendants on this aspect of the issue was perhaps properly refused, for the reason that it authorized the jury to find for the defendants, if "Winn had on the farm, in Lafayette county, over eighty-five head of two and three-year-old cattle." This left out of view the question whether they were being fattened for market, or, in other words, were running with the eighty-five head in controversy. Of course, if the eighty-five head were segregated and kept to themselves, so that they could be identified by the aid of the description given in the mortgage, this would be sufficient. Otherwise the plaintiffs' action must fail.

III. But the difficulty in sustaining the verdict, on the theory that defendants' instruction respecting the identity of the cattle was properly refused, is the fact that the court gave but one instruction on behalf of plaintiffs, which directed the jury to find the issues for the plaintiffs, unless they found from the evidence that the cashier of the plaintiff bank applied the check received by it from Winn to the Winn note, knowing that it was the proceeds of the cattle sold by defendants, with the intention of ratifying and consenting to such sale. This wholly ignored the evidence and the issue concerning the identity of the mortgaged property; and it, in effect, told the jury to disregard it. Where a single instruction is given by the court, which authorizes a verdict predicated of the facts therein stated to be found, it is bad if it omits other facts in evidence which would authorize a different result. It should embrace all the issues which there is any evidence to support. *Hoffman v. Parry*, 23 Mo. App. 20;

*Wyatt v. Railroad*, 62 Mo. 408; *Raysdon v. Trumbo*, 52 Mo. 35; *Budd v. Hoffheimer*, 52 Mo. 35; *Fitzgerald v. Hayward*, 50 Mo. 516; *Jackson v. Boyles*, 67 Mo· 609; *Greer v. Parker*, 85 Mo. 107; *Caldwell v. Pray*, 41 Mich. 311.

IV.    This instruction was, furthermore, erroneous in that it directed the jury, in effect, that before they could find the issue of a ratification for defendants, it was not only necessary that they should find from the evidence that the bank received the money from Winn on his note, with the knowledge that it was the proceeds of the sale of the cattle in question, but it required the defendants to further show that the bank received it *intending to ratify* the sale. This goes further than the law requires. It was enough that defendants should prove that the bank, through its officer or agent, was possessed of facts sufficient from which it could be reasonably inferred that it knew whence came the money. Whether the agent had such knowledge was a question of fact for the jury to find from all the circumstances in evidence. The law presumes the intention to ratify from the bank's acceptance of the money with knowledge that it was the product of the sale of the cattle. In no other way could the intent to ratify be proved by the defendants. How could the defendants prove the intent, except from the fact of the receipt of the money with knowledge where it came from? To require them to go further and prove that the bank so received it intending to ratify, was to place the defendants completely at the mercy of the bank officer, if he should testify that he did not intend by the act to ratify the sale. The case of *Windsor v. Bank*, 21 Mo. App. 663, is no authority for the proposition asserted in this instruction. Nor are we aware of any decision sanctioning it.

V.    It is contended by appellants that as, under the issues submitted by the only instruction given by the court, the whole burden devolved on the defendants, their counsel was entitled to open and close the argu-

ment to the jury. This is correct. *Porter v. Jones*, 52 Mo. 399; *Wade v. Hardy*, 76 Mo. 394; *Bates v. Forcht*, 89 Mo. 121. It is a sound and just rule that he who holds the laboring oar should have the right to open and close the argument to the jury. So that, where under the instructions the plaintiff is entitled to a verdict, unless the jury should find the facts predicated in the instructions to be proved by the defendant, the defendant should be allowed to open and close the argument.

For the errors aforesaid the judgment of the circuit court is reversed and the cause remanded for further proceeding in conformity with this opinion. All concur. Ellison and Hall, JJ., concur in the second, third, fourth, and fifth paragraphs only.