[No. 7198.]

## STUMPFF v. THE PEOPLE.

1. CRIMINAL LAW—*False Pretenses*—Mere non-disclosure is not a pretense, even though if disclosure had been made it would have deterred the prosecutor from parting with his money—(203).

The sale of chattels which are subject to an existing mortgage, without informing the purchaser of the incumbrance, is not a false pretense within the statute (Mills Stat. Secs. 1378, 1379, Rev. Stat. Secs. 1848, 1849), even though the title be warranted by the seller—(203).

2. ——*Pretense Not Relied On*—A false pretense not relied upon is not within the statute—(204).

3. ——*Other Crimes*—That the accused violated the statute prohibiting the sale of mortgaged chattels without advising the purchaser of the mortgage (Mills Stat. Sec. 392, Rev. Stat. Sec. 524), has no relevance to an information charging the obtaining of the money by false pretenses—(203).

*Error to Teller District Court*—HON. JOHN W. SHEAFOR, Judge.

Mr. T. B. McDONALD and Mr. T. E. McINTYRE for plaintiff in error.

HON. JOHN T. BARNETT, attorney general, and Mr. ELMER L. BROCK for defendant.

CHIEF JUSTICE CAMPBELL delivered the opinion of the Court:

Defendant was convicted of obtaining money by false pretenses, and was sentenced to the penitentiary. Several fales representations and pretenses are set forth in the information. The only one relied on and concerning which alone there was evidence, is that, in selling to the prosecuting witness Johnson a cow defendant obtained from the purchaser $30 in money by falsely representing that the animal was free from all encumbrances whatsoever, whereas there was a valid existing chattel mortgage upon it. A motion to quash was filed, based upon the contention that the informa-

tion was too indefinite and uncertain to apprise defend-
ant of the nature of the charge against him.   It was
overruled and defendant says this was error.   As the
evidence does not prove the charge made, we shall not
consider the ruling on the motion.

There is not a word of evidence that any represen-
tation or pretense was made by defendant to the prose-
cuting witness, or to any one else, about a mortgage.
He was neither asked by the purchaser, nor did he state,
anything about any encumbrance, as the prosecuting
witness himself testifies.   There was no reference or
statement in the bill of sale, which at the time defendant
gave to the purchaser, about a mortgage, and the prose-
cuting witness says that the instrument contains every
representation made by defendant on that subject.   The
most that can. be said of it is that therein defendant
vendor may have warranted the title to be good, and
agreed to defend it.   Under the law of this state a mort-
gagor of  chattel property holds the title, subject only
to the lien of the mortgage, which, before default, and
in the absence of false representations, he may sell and
convey without violating this statute with reference to
false pretenses.   We have another statute which makes
it a crime for the mortgagor to sell mortgaged property
without the written consent of the mortgagee, but de-
fendant is not being prosecuted thereunder and it has
no bearing upon any question involved in this case.
*Lafayette County Bank v. Metcalf*, 29 Mo. App. 384.
The Attorney General does not claim that any false ver-
bal statement was made by defendant at the time of the
sale, but seeks to bring the case as made within the
false pretense statute, upon the theory that the silence
of defendant with reference to the chattel mortgage
is of itself a false pretense and misrepresentation.   The
general rule is that the mere non-disclosure of facts
known to defendant, even though a disclosure thereof
would operate to deter the prosecuting witness from
parting with his money, is not a false pretense.   19

Cyc. p. 403. And this is true, even though a false pretense may be proved by the acts or conduct of the defendant as well as by his words. In *People v. Baker,* 96 New York 340, EARL, Justice, in delivering the opinion of the court, expressly held that mere silence and mere suppression of the truth, upon which another may act, is not sufficient to constitute the crime of false pretenses. But if it can be held that the failure of defendant to disclose to the prosecuting witness that there was an existing mortgage upon the cow at the time of the sale is sufficent to constitute the crime of false pretenses under our  statute, it is enough here to say that the information should have so charged. It does not do so; but, on the contrary, expressly alleges that defendant made a false representation and false pretense that the cow was free and clear from all liens and encumbrances of every kind whatsoever. The mere silence of defendant at the time of the sale, or concealment of the existence of a mortgage, is not proof of this charge of a positive false verbal representation.

Moreover the prosecuting witness testifies that he did not rely upon any representation of defendant with reference to a mortgage, and that none was made, but that he did rely upon the bill of sale, apparently meaning that he relied upon the supposed warranty which it embodied. While a promise added to a false pretense will not, of itself, acquit a defendant, yet, when  the prosecutor does not rely upon the misrepresentation, but on the warranty, this particular statute is not violated. *Jackson v. People,* 18 Ill. App. 508. Manifestly the charge in the information was not proved by the evidence. The judgment is therefore reversed.

*Reversed.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.