Kennedy v. Dodson.

R. F. KENNEDY, Appellant, v. J. C. DODSON, Respondent.

St. Louis Court of Appeals, April 21, 1891.

1. **Chattel Mortgages:** CONDITION BROKEN. When a chattel mortgage provides that the mortgagee may take possession of the mortgaged chattels before the maturity of the mortgage debt, in case they are removed from the premises on which they are, the mortgagee's right to take possession will ensue, if such chattels are levied upon and removed from said premises under a writ of attachment issued against the mortgagor.

2. ———: PARTIAL INVALIDITY. If a chattel mortgage of a stock of liquors and of saloon fixtures is given with the reservation by the mortgagor of a power to sell the liquors only, it will, as to creditors of the mortgagor, be constructively fraudulent in regard to the liquors, but valid in regard to the fixtures.

3. Replevin : PLAINTIFF'S RIGHT OF RECOVERY. A plaintiff in an action of replevin must recover upon the strength of his own title, and not on the weakness of the title of the defendant.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*F. S. Heffernan*, for appellant.

*Francis M. Wolf* and *Rufus V. Bowden*, for respondent.

ROMBAUER, P. J.—The plaintiff, a mortgagee of the personal property in controversy, brought this action of replevin against the sheriff, who had seized it under a writ of attachment, issued at the instance of one Horine against Scott, the mortgagor. The cause was tried by the court without a jury. The finding and judgment were for the defendant. The court refused all the instructions asked by the plaintiff, and upon the defendant's motion declared as the law that, if the plaintiff was not entitled to the possession of the property specified in the mortgage at the date of the institution of this replevin suit, then he was not entitled to recover.

The mortgage bore date March 23, 1889, and was duly recorded two days thereafter. It conveyed to the plaintiff a lot of saloon fixtures and furniture, and a stock of liquors and cigars, as security for the payment of a note due ninety days after that date. The property was attached April 2, and replevied April 19, 1889. At the date of the institution of the replevin suit, the debt secured by the mortgage had not yet matured,

and, if the non-payment of the debt would have been the only condition of the mortgage authorizing the mortgagee to take possession, the declaration of law made by the court would have been clearly correct, because it is well settled in this state that, before condition broken, a mortgagee, not in actual possession, cannot maintain an action of replevin for the property mortgaged. *Barnett v. Timberlake*, 57 Mo. 499; *State to use v. Carroll*, 24 Mo. App. 358; *Chandler v. West*, 37 Mo. App. 631. But the mortgage in this case contained the distinct condition that, in case of a removal, or an attempt to remove the property from the building wherein it was situated, the mortgagee should have the right to take the same into his possession. It was shown by the plaintiff, and not controverted, that, after the attachment and prior to the institution of the replevin suit, the property was removed from the building wherein it was situated to the premises of the plaintiff in the attachment, and this gave to the mortgagee an option to take the property into his possession, which he might exercise if he saw fit, by instituting an action of replevin. *LaFayette Co. Bank v. Metcalf*, 29 Mo. App. 384.

It will be thus seen that, under the uncontroverted facts of this case, the plaintiff was entitled to the possession of that part of the property in controversy which consisted of the saloon fixtures and furniture. There was some evidence tending to show that the mortgage was fraudulent as to the liquors and cigars, in so far as it was understood that the mortgagor might continue to sell them in the usual course of trade; but there was no such evidence in regard to the fixtures, so that in regard to those the mortgage was valid under the evidence. *Bullene v. Barrett*, 87 Mo. 125. The court, therefore, erred in its instructions and finding.

As the cause will be remanded for new trial we will add the following, touching other complaints made by the appellant. The plaintiff in a replevin suit must

recover on the strength of his own title, not on the weakness of the title of his adversary. If the plaintiff at the date of the institution of this suit was not entitled to the exclusive possession of the property, it is immaterial to him, whether the defendant sheriff was so entitled thereto under the attachment writ or not, since the property was not taken out of the plaintiff's possession. Besides that, the attachment proceedings are against the mortgagor, and the mortgagee is certainly in no position to contend that they are invalid, because the property attached was not that of the mortgagor, but the joint property of the mortgagor and another. The validity of the attachment proceedings are, therefore, not open to inquiry in this action, and upon a retrial of the cause all the evidence that has been admitted on that subject should be ruled out.

The judgment is reversed and the cause remanded to be proceeded with in conformity with this opinion. All the judges concur.