CHAS. H. SEAMAN, Appellant, v. HARVEY J. PADDOCK, Respondent.

Kansas City Court of Appeals, December 5, 1892.

1. **Mechanics' Liens:** QUASHING EXECUTION: LIEN ACCOUNT. In a proceeding to quash an execution issued from the circuit court on a justice's judgment enforcing a mechanics' lien, the sufficiency or insufficiency of the lien account, or its admission or rejection in evidence before the justice, as well as objections to the form of the verdict and judgment before the justice, find no place for consideration.

2. ———: CONTRACT: OWNER: DEFINITIONS. Owner or proprietor as defined by the mechanics' lien statute is not confined to the holder of the title to the real estate, but includes as well every person for whose immediate use, enjoyment or benefit any building, improvement or erection is made, and any contract with any such owner is sufficient basis to enforce a mechanics' lien.

3. ———: LIEN ACCOUNT: ITEMIZATION: DATES. A lien account set out in the opinion is *held* sufficiently itemized; and dates are not required to be set opposite each item, as it is alleged in the body of the statement that the items were furnished within six months before filing suit.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED.

*S. P. Reynolds* and *Hall & Pike*, for appellant.

All the questions raised on the record in this case are answered in favor of appellant, by the opinion in *Rall Bros. v. McCrary*, 45 Mo. App. 365, decided by this court, May 11, 1891, but not reported till after the decision of this case at the circuit. That case cannot be distinguished from this. There plaintiffs showed by their lien paper that they were entitled to a lien upon the building, and not entitled to one upon the land. Here plaintiff showed he was entitled to a lien upon the building and claimed none upon the land. In each case the rights of third parties do not intervene, and the rule allowing a liberal construction has its fit operation. On the authority of *Rall Bros. v. McCrary*, we respectfully submit that the judgment appealed from must be reversed.

*Vories & Vories* and *Johnson & Wilson*, for respondent.

(1) Statement of account filed as lien must not be contract price in a lump, but must be itemized, showing what material and what work is charged for, and value of each. The mechanics' lien law requires such particularity in a statement filed by an original contractor. *Rude v. Mitchell*, 97 Mo. 365; *Smith v. Haley*, 41 Mo. App. 620. (2) A just and true account is an itemized account with dates, so that it may be seen from the face thereof that it is one for which a lien may be had. *Curless & Co. v. Lewis*, 46 Mo. App. 278; *Coe v. Ritter*, 86 Mo. 277; *Bradish v. James*, 83 Mo. 313; *Miller v. Whitelaw*, 28 Mo. App. 642. (3) No lien can attach to buildings where none is secured against the real estate on which the building is situated. *Ransom v. Sheehan*, 78 Mo. 668; *Richardson v. Koch*, 81 Mo. 269; *McMahon v. Vickery*, 4 Mo. App.

229.  (4)  Petition must allege and lien paper must disclose that contract was made with some one having an interest in the land.  *Peck v. Bridwell*, 6 Mo. App. 451; *Porter v. Zook*, 35 Mo. 107, 142; *Bridwell v. Clark*, 39 Mo. 172; *Squires v. Fithian*, 27 Mo. 138.

GILL, J.—Plaintiff Seaman recovered a judgment before a justice of the peace for the enforcement of a mechanics' lien against a certain frame building known as "Kensington Rink," located on certain described real estate in St. Joseph.  A transcript of the judgment was filed in the Buchanan circuit court, and an execution was there issued.  Thereupon defendant Paddock filed a motion to quash the execution, which was heard and sustained, and plaintiff appealed.

I.  As we view this controversy, the question is, did the justice who tried the case acquire jurisdiction of the parties and subject-matter?  If this should be answered in the affirmative, then it was error to quash the execution.  But, if no jurisdiction was acquired, then the ruling of the lower court was proper, and its judgment should be affirmed.

Much is said in brief of defendant's counsel as to the alleged insufficiency of the lien paper which was filed by the plaintiff in the circuit clerk's office, and which must necessarily have been used as evidence in the trial of the case before the justice.  As we understand it we have nothing now to do with that instrument.  If the parties and the property sought to be charged were legally brought into the justice's court, then the admission or rejection of the lien paper in proof of the allegations of the plaintiff's statement could only be complained of on appeal, and errors of that nature find no place in this motion to quash the execution.  The motion to quash is in no sense a revisory or appellate proceeding.  1 Freeman on Exe-

cutions [2 Ed.] sec. 73. The same rule would apply here as in matter of the collateral attack of judgments in tax suits, because of the invalidity of the assessment and the like. In such a case it was held that such judgments conclude and cut off all inquiry as to the regularity of the assessments. "Such things are matters of defense in the tax suit, and, if not made in the suit to recover the tax, they are no longer open to inquiry. The judgment establishes the validity of the tax, just as any other judgment establishes the validity of the debt sued on." *Boyd v. Ellis*, 107 Mo. 400.

These remarks apply with equal force as to the objections here made as to the form of the verdict and judgment in the justice's court. If anything, these were mere errors and irregularities to be corrected on appeal, and they are matters of no concern in this proceeding. 1 Freeman on Executions, sec. 73; *Ewing v. Donnelly*, 20 Mo. App. 6; *Holzhour v. Meer*, 59 Mo. 437.

II. We come now to the sufficiency of plaintiff's statement filed with the justice when the suit was instituted. In *Ewing v. Donnelly, supra*, the St. Louis Court of Appeals declared that in proceedings before a justice of the peace to enforce mechanics' liens every jurisdictional fact must affirmatively appear on the face of the complaint; otherwise the justice would fail to acquire jurisdiction. Defendant's counsel assailed the complaint here on two grounds, *first*, that it did not disclose that the work was done or materials furnished under a contract with any *owner* of the real estate, and, *second*, that the account sued on was not sufficiently itemized, in that there were no dates affixed to the different charges. Neither of these objections is well grounded. It is unquestionably true that before there can be any right to enforce a mechanics' lien against real estate, or the buildings thereon, there must have

been the doing of work or furnishing materials under and by virtue of a contract with the "owner or proprietor thereof." Revised Statutes, 1889, sec. 6705. Now, "*owner or proprietor*," as defined by section 6726, is not confined to the holder of the title to the real estate, but includes as well "every person for whose immediate use, enjoyment or benefit any building, erection or improvement shall be made." It very clearly appears on the face of this statement filed with the justice, that plaintiff's account was for materials furnished and labor done in pursuance of a contract with defendant, and too that defendant was the owner or proprietor of the building thus constructed. It is wholly immaterial whether he had any other interest in the premises or not. See *Kline v. Perry, ante,* p. 422.

As to the account sued on, it thus appears.

*H. J. Paddock to C. H. Seaman, Dr.*

| | |
|---|---|
| 40 1-2 Sq. gravel roofing at $2.65 | $107.30 |
| 26 Sq. ready roofing at $3.75 | 84.50 |
| | $191.80 |

No dates are set opposite these two items, but in the body of the statement, or complaint, it is alleged "that said building material was furnished, and said labor was done, within six months next before the filing of this suit," etc.

Now whatever strictness may be required as to the itemizing of the account which accompanies the mechanics' lien, it cannot be seriously contended that the foregoing is insufficient in a complaint filed with a justice of the peace. The complaint in this regard was sufficiently specific to warn the defendant on what matter and on what account he was sued, and to let in proof necessary to establish his claim; and in our

opinion the absence of a specific date opposite each item furnished no just reason for quashing plaintiff's execution.

The judgment will be reversed.    All concur.