THOMAS P. BROWN, Respondent, v. WILLIAM H. HAWKINS, Appellant.

Kansas City Court of Appeals, May 1, 1893.

1. **Chattel Mortgage**: LEVY OF EXECUTION: DUTY OF CONSTABLE. So long as the possessory right of a mortgagor remains, his interest in the mortgaged chattels is the subject of seizure and sale at the instance of creditors, and until the breach of some condition the mortgagee is not entitled to the possession, and it is the duty of the constable with execution to both levy and sell.

2. ———: ———: BREACH OF CONDITION: RIGHT OF POSSESSION. The levy of an execution by a constable on mortgaged property is such breach of the condition of the mortgage against a sale or attempted sale as to authorize the mortgagee to take possession.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*O. T. Knox* and *Jos. S. Brooks*, for appellant.

The right of a mortgagee to take possession of personal property, by virtue of a chattel mortgage, which provides that "in case of a sale or disposal, or attempt to sell or dispose of said property," the mortgagee or

his assigns, etc., may take the said property or any part thereof into his possession, arises when a constable takes possession of the property under an execution against the mortgagor, for the purpose of selling the property to satisfy such execution. *Kennedy v. Dodson*, 44 Mo. App. 550; *Bank v. Metcalf*, 29 Mo. App. 384; 40 Mo. App. 494; *State ex rel. v. Carroll*, 24 Mo. App. 358; *Lewis v. D'Arcy; Bailey v. Godfrey*, 54 Ill. 507; *Spalding v. Mozier*, 57 Ill. 148; *Beach v. Derby*, 19 Ill. 617.

*Vandorston & Green*, for respondent.

(1) Until the possessory right of the mortgagor ceases, his interest in the chattels mortgaged is the subject of seizure and sale at the instance of his creditors. *State v. Carroll*, 24 Mo. App. 361; *Hall v. Sampson*, 35 N. Y. 274; *Barnett v. Timberlake*, 57 Mo. 501; *Bank v. Metcalf*, 29 Mo. App. 391; 40 Mo. App. 501. (2) Until there has been default in payment of principal or interest, or breach of some condition contained in the mortgage, the mortgagee is not entitled to possession of the property and cannot maintain replevin. *Kennedy v. Dodson*, 44 Mo. App. 552; *Bank v. Metcalf*, *supra; Shinner v. Brill*, 38 Wis. 649. (3) The contention of attorneys for appellant, that the right of the mortgagee to take possession of the personal property by virtue of a chattel mortgage, which provides that, "In case of a sale or disposal, etc.," arises when a constable levies on same, is not supported by the authorities cited. (4) The rights of the mortgagee must be expressed in the mortgage. If he fails to protect himself by sweeping safety clauses, the courts will not, by their decisions, interject clauses for the benefit of the mortgagee. (5) The levy of the execution was not antagonistic nor hostile to the mortgagee's rights. *Beach v.*

*Derby, supra; Pipe v. Colvin,* 67 Ill. 230. The sale would not interfere with mortgagee's rights. *Hunly v. Carnly,* 17 N. Y. 202; *Gonlet v. Asseler,* 22 N. Y. 225; *Manning v. Monahan,* 28 N. Y. 585.

SMITH, P. J.—Action of replevin to recover the possession of certain specific personal property. The facts which the evidence in the case tends to establish are, that one Bowman executed a mortgage to plaintiff on the property sued for to secure two promissory notes for $600. The mortgage contained this provision amongst others, viz: "The property hereby sold and conveyed to remain in mortgagor's possession until default be made in payment of said debt and interest or some part thereof; but in case of a sale or disposal, or *attempt to sell or dispose of said property,* or a removal of or attempt to remove the same from Kansas City, Missouri, or an unreasonable depreciation in the value thereof, the said Thomas P. Brown or assigns or legal representatives may take the said property or any part thereof into his possession." Before the plaintiff's mortgage debt became due a judgment was obtained before a justice of the peace against Bowman the mortgagor, and an execution was issued thereon to the defendant who was a constable and who levied the same on the mortgaged property. The plaintiff mortgagee thereupon brought this suit for the recovery of the possession of the property, contending that he was by the terms of the mortgage entitled to its possession by reason of the seizure thereof by the defendant under the execution.

The question and the only question which we are called upon to decide is whether the plaintiff's contention should be upheld. The law is that until the possessory right of a mortgagor ceases his interest in the mortgaged chattels is the subject of seizure and

sale at the instance of his creditors. The *State v. Carroll*, 24 Mo. App. 361; *Hall v. Sampson*, 35 N. Y. 274; *Barnett v. Timberlake*, 57 Mo. 501; *Bank v. Metcalf*, 29 Mo. App. 391; 40 Mo. App. 501. And until default in the payment of the debt or interest or the breach of some condition contained in the mortgage, the mortgagee is not entitled to the possession of the mortgaged property. *Kennedy v. Dodson*, 44 Mo. App. 552; *Bank v. Metcalf*, 29 Mo. App. 391.

It was the duty of the defendant constable not only to levy on the mortgaged property in this case but to sell the same to satisfy his writ. He made the levy for no other purpose. Was the action of defendant constable an "attempt to sell or dispose of the property" within the meaning of the safety clause, already quoted, of the mortgage? Manifestly this clause was inserted in the mortgage for the benefit and protection of the mortgagee, and its words must be construed with reference to that object. It is argued that while an attempt to sell or dispose of the property by the mortgagor would constitute a breach of the mortgage that such an attempt by the defendant constable would not. The seizure of the property by the defendant was occasioned by the omission of mortgagor to satisfy the execution against him in defendant's hands.

So far as the plaintiff is concerned the effect is as to him the same whether the mortgagor himself attempts to sell or dispose of the property or whether it be occasioned by his direction or by some act or omission of his. The terms used in the clause do not limit the attempt to sell or dispose of the property by the mortgagor alone. Undoubtedly the constable acting in pursuance of the command of the writ of execution would have sold the property had it not been that the plaintiff prevented the same by taking it out of the former's possession by the writ of replevin. We think

this attempt to sell or dispose of the property by the defendant as constable constituted such a breach of the special condition of the mortgage as authorized the plaintiff to take possession of the property covered by it. *Kennedy v. Dodson*, 44 Mo. App. 550, lends support to this interpretation of the meaning of this condition of the mortgage.

It follows that the trial court erred in giving the defendant's instructions in the nature of a demurrer to the evidence. The judgment will be reversed and the cause remanded. All concur.