CHARLES H. SEAMAN, Appellant, v. HARRY J. PADDOCK, Respondent.

Kansas City Court of Appeals, December 4, 1893.

Bond: BREACH: RENDERING IMPOSSIBLE TO PERFORM: DAMAGES. The principle that a party to a contract may break it by rendering the performance of its condition impossible, is applied to a recognizance given on a temporary stay of execution, and it is *held*, that where the principal in such obligation suffered the property seized under such execution to be subsequently sold under an execution enforcing a prior lien, thereby rendering it impossible to turn out the property to satisfy the execution upon the dissolution of the stay order, he suffered a breach of his bond, and he and his sureties would be compelled to perform the other alternative of their obligation, to-wit, pay the debt and costs to be recovered by the execution, and even if it was impossible to render said property in execution at the time the recognizance was entered into, still it remained for them to pay the debt and costs; and in this case the terms of the contract fixed the measure of damages.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Hall & Pike* for appellant.

(1) Defendants' bond bound them to pay the execution debt, or render in execution all the property of Paddock seized or liable to seizure under the execution. Revised Statutes, sec. 4968. They stand in Paddock's shoes. *McFall v. Dempsey*, 43 Mo. App. 374; *Mill Dam Foundry v. Hovey*, 21 Pick. 443; 3 American and English Encyclopedia of Law, 900, 903, 907, and notes. (2) Performance of the second condition has become impossible without the fault of the obligee, and defendant's liability to perform the first condition is absolute.

*Jacquinet v. Boutron,* 19 La. Ann. 30; *Brown v. Ins Co.,* 1 C. & E. 853. (3) The property was not "rendered in execution" by seizing and selling it under an execution in favor of another party whose lien was not filed and suit brought when plaintiff's sale was stayed. See *proviso,* Revised Statutes, 6727. The lien|for which sale was made was not on same footing. *State ex rel. v. Drew,* 43 Mo. App. 368. (4) Before breach, defendants had the election to perform either condition; after breach, their right of election was gone, and the obligee was entitled to payment in money. *Marlor v. Railroad,* 21 Fed. Rep. 385, and citations; 6 Encyclopedia of Law, 251; *Corbin v. Fairbanks,* 56 Vt. 538; *Waggoner v. Cox,* 40 Ohio St. 539; *Collins v. Whigham,* 58 Ala. 438; Coke Litt. 145*a.* See, especially, *M'Nitt v. Clark,* 7 Johns. (N. Y.) 465.

*J. M. Johnson* and *Vories & Vories* for respondent.

(1) The liens of Seaman and the lumber company both being for material used in the construction of the same improvement are upon an equal footing without reference to the date of filing lien, and either would be entitled to a *pro rata* share of the proceeds of sale under either lien. Revised Statutes, 1889, sec. 6727; *State ex rel. v. Drew,* 43 Mo. App. 362–368. (2) Paddock having no other property than that which the liens of Seaman and the lumber company were against, rendering that property in execution under either of said liens was a full compliance with the bond. Revised Statutes, 1889, sec. 4968; Revised Statutes, 1889, sec. 6727; *State ex rel. v. Drew, supra.* (3) There being no charge in appellant's petition alleging unfair conduct at the sale or in procuring the sale, the amount for which the property sold is its value, and evidence offered to prove unfairness in the sale is properly excluded.

SMITH, P. J.—This was a suit on a penal bond, Revised Statutes, section 4968. It appears from the record before us that the plaintiff recovered a judgment against defendant Paddock for $191.80 debt, and $19.45 costs, which were declared to be a lien and special charge upon a certain frame building and structure known as "Kensington Rink," situate on a certain piece of ground in St. Joseph. It was not against the ground. The purpose of the action was to enforce plaintiff's claim for a lien for work and labor and materials furnished in improving said rink building. A transcript of said proceedings and judgment, duly certified by the justice, was filed in the office of the clerk of the circuit court of Buchanan, on the fifth day of September, 1891; that, later on, an execution was issued on said transcript judgment and placed in the hands of the sheriff, who levied the same on the said rink building; still later on the defendant, Paddock, in vacation filed a motion to quash said execution and presented the same to one of the judges of said court to whom it appeared that said execution ought to be stayed, and thereupon the defendant, Paddock, with the other two defendants as his sureties, entered into a recognizance in the sum of $500, conditioned as required by said section 4968. The order staying the execution with the motion and recognizance was duly certified to the circuit court to be heard in term. Afterwards the motion was by the court sustained, and from the judgment thereon an appeal was prosecuted here, 51 Mo. App. 465, when that judgment was reversed on December 5, 1892.

It further appears that on August 3, 1891, the Dougherty & Moss Lumber Company filed a mechanics' lien for $1,320 in the office of the circuit clerk of Buchanan county against said rink building and the leasehold interest of the defendant, Paddock, in the lands

on which the same was situated; that afterwards a suit was instituted in said circuit court to foreclose said mechanics' lien, in which judgment was rendered on the twenty-fourth day of November, 1891, declaring said sum to be a lien .against said rink building and the leasehold interest of the defendant, Paddock, in the lot on which it was situate; that afterwards, on the eleventh day of February, 1892, the sheriff, under an execution issued to him under said last named judgment, sold said rink building and the said leasehold interest to the defendant, Moss, for $100.

It nowhere appears what the precise term of Paddock's lease was, or how long it had to run at the time the plaintiff's execution was stayed, nor is anything shown in respect to the value of such unexpired lease. The statements of counsel contained in their respective briefs differ as to whether the execution of the lumber company was levied upon the leasehold estate or not, and as the appealing plaintiff has only filed a certified copy of the record entry of the judgment appealed from, showing the time, month and year upon which the same was rendered with the order granting the appeal as authorized by section 2253, we are unable to determine the disputed fact.

The case was submitted to a jury whose finding was for the plaintiff for $4.76, upon the theory of an instruction given for defendants—the only one given in the case—to the effect that, under the pleadings and evidence in this case, the plaintiff is entitled to recover the proportion of the amount of the sum realized from the sale of the building in evidence under the Dougherty & Moss Lumber Company's execution, to-wit, $100, that plaintiff's judgment, to-wit, $191.85, bears to the total sum of plaintiff's judgment, added to the amount of judgments in favor of Dougherty & Moss Lumber Company of $1,320, after deducting from said sum of

$100 the total amount of costs in the case of *Seaman v. Paddock*, to-wit, $19.75, and the costs in said *Dougherty & Moss Lumber Company v. Paddock case*, amounting to $45.95, and on said sum you will allow interest at six per cent. per annum from February 11, 1892, to date. Judgment went according to the verdict and from which plaintiff has appealed.

By the terms of the recognizance it was expressly provided that if the application of Paddock to stay the plaintiff's execution should be finally determined against him, that he would pay the plaintiff's debt, and costs to be recovered by such execution or render in execution all his property liable to be seized and sold by such execution, or that his sureties, the other defendants, would do it for him.

It is conceded all around that neither defendant Paddock or the other defendants, his sureties, have performed either of the alternative conditions of their recognizance. There is *prima facie* a breach of the conditions of the recognizance. And the question presented for decision is whether performance has been excused. If it has been, defendants are not liable; if it has not, they are.

The mechanics' lien on which there was a judgment of foreclosure obtained by the lumber company, was not only against the rink building, but also against the leasehold interest of Paddock in the ground on which the rink building was situated, and was prior in time to that acquired by the plaintiff by the filing of his justice's transcript judgment. The former was superior to the latter. A sale under the former passed the interest of Paddock in the leasehold. At the time Paddock applied for, and obtained, a stay of plaintiff's execution, he had an interest in the leasehold. This was subject to sale under plaintiff's execution. It may, or may not, have been of great value. The plaintiff, but

for the act of Paddock in procuring a wrongful stay of the execution, could have subjected the latter's leasehold interest to the satisfaction of his debt by sale under the execution.

But the defendants contend that the leasehold was sold by the sheriff under the execution of the lumber company which was no act of theirs, and for which they are in no way responsible. It is true, perhaps, that the act of the sheriff in selling the leasehold put it out of the power of defendants, or either of them, to thereafter render the same in execution. But it must be borne in mind that the act of the sheriff in selling said leasehold under the execution of the lumber company was occasioned by the omission of the defendant, Paddock, to satisfy the same, and therefore such act of the sheriff was that of defendant Paddock in so far as plaintiff was concerned. *Brown v. Hawkins*, 54 Mo. App. 75; *Kennedy v. Dodson*, 44 Mo. App. 550. Paddock made it impossible for himself or his sureties to render in execution his interest in the leasehold according to the obligation of his recognizance by his omission to satisfy the execution of the lumber company, and thereby occasioning the sale thereof by the sheriff, and further by obtaining and perpetuating the stay of plaintiff's execution by entering into the recognizance sued on. The principle is elemental that a party to a contract may break it by rendering the performance of the conditions thereof impossible. *Heard v. Bowers*, 23 Pick. 455; *Wolf v. Marsh*, 54 Cal. 228; *Dill v. Pope*, 29 Kan. 289; *Newcomb v. Brackett*, 16 Mass. 161; *Packer v. Seward*, 34 Vt. 127. It having become impossible for the reasons we have stated, for the defendants to render in execution the property of the defendant, Paddock, according to one of the conditions of the recognizance, there was nothing left for

them to do but to perform the other, viz., pay the plaintiff's execution debts and costs.

The rule is that when the condition of a bond is to do one of two things, if one cannot be performed, unless it has become impossible by the acts of the obligee, the obligor is bound to perform the other. *Mill Dam Foundry v. Hovey*, 21 Pick. 443; *Jacquinet v. Boutron*, 19 La. Ann. 30. But if the performance of the second condition in said recognizance, which required defendants to render in execution the property of defendant Paddock, if the application for the stay of execution should finally be determined against him, was impossible at the time the recognizance was entered into, then it remained for the defendants but to perform the first alternative condition. *Pinder v. Upton*, 44 N. H. 358.

It thus appearing that the defendants have committed a breach of the conditions of the recognizance for which, as far as we have been able to discover, they have been unable to show any legal excuse, the defense that the defendants have tendered the plaintiff his *pro rata share* in the proceeds arising from the sale of Paddock's property under the execution of the lumber company, we think, constitutes no sort of defense to the plaintiff's action. Upon no principle can this be considered an excuse for the defendants' breach of their recognizance. It follows that the defendants' instruction was erroneous and should not have been given.

The remaining question to be considered is as to the measure of damages resulting from the breach of the recognizance. This is a suit on a recognizance with a penalty. The law fixes the rule by which the damages shall be estimated in case of forfeiture. *Page v. Butler*, 15 Mo. 74.

But whatever the rule may be in other cases, here the parties by the express terms of their own recogni-

zance have agreed that if the application for the stay of the execution should be finally determined against Paddock, and they did not thereupon render in execution his property that they would pay the "debt and costs to be recovered by plaintiff's execution." The plaintiff's first instruction was in accord with this view of the *quantum* of damages to which plaintiff was entitled to recover, and so it ought to have been given.

The judgment will be reversed and the cause remanded. All concur.'