A. HUISER, Appellant, v. A. W. BECK, Defendant. POTTER and McCRACKEN, Interpleaders and Respondents.

Kansas City Court of Appeals, January 8, 1894.

1. Chattel Mortgages: DELIVERY.  The infallible test of delivery is the fact that the grantor has divested himself of all dominion and control over the conveyance, as he appears to have done in this case.

2. ——: RECORD: ATTACHMENT: PRIORITY. An attachment levied prior to the recording of a previously given chattel mortgage, will not take precedence of such mortgage. Authorities and statute discussed.

3. ——: ATTACHMENT: INTERPLEADING. The seizing of mortgaged property under an attachment and removing it, gives the mortgagee an option to take it into his possession, which he may exercise by interpleading in to the attachment.

4. Attachment: INTERPLEA: REPLEVIN. An interplea in an attachment is in the nature of a replevin and engrafted thereon by the statute.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Burton & Wight* and *Geo. Walshe* for appellant.

(1) There was no delivery of the mortgage by Beck to interpleaders. *Turner v. Carpenter et al.*, 83 Mo. 333; *Clemence Ells et al. v. Railroad*, 40 Mo. App. 165; *Huey v. Huey*, 65 Mo. 689; *Miller et al. v. Lullman, adm'r, et al.*, 81 Mo. 311; *Hammerslough v. Cheatham et al.*, 84 Mo. 13; *Scott et al. v. Scott*, 95 Mo. 300. (2) Even though delivered, not having been put upon record until after the levy of the writ of attachment, it was of no validity against said writ. Revised Statutes, 1889, sec. 5176; *Rawlins v. Bean et al.*, 80 Mo. 614; *Bevans v. Bolten et al.*, 31 Mo. 437; *Wilson v. Milligan*, 75 Mo. 41. (3) The *semble* of Judge Scott, in *Bryson & Hardin v. Penix*, 18 Mo. 13, to the effect that the mortgage, if recorded in a reasonable time after its execution, would be valid against a creditor or purchaser, is: *First.* A mere *dictum;* the question does not arise in the case. *Second.* The authority quoted (4 Kent. 458) is not applicable, as it relates to a mortgage of real estate. *Third.* The supreme court in *Wilson v. Milligan*, 75 Mo. on page

42, refuses to sanction the doctrine, virtually overruling it. *Fourth.* The *semble* is in conflict with the statute and the logic of the authorities quoted in point 2. *Fifth.* *Way v. Braley*; Hawks & Glover, interpleaders, 44 Mo. App. 457, for the same reasons, is not the law. (4) The testimony of Hart shows that the note to him was still due and unpaid at the time of the trial; that the interpleaders had paid him nothing. Hence interpleaders were premature. *Booger v. Langenberg,* 42 Mo. App. 7; *Chandler v. West,* 37 Mo. App. 631; *Stonebreaker et al. v. Ford et al.,* 81 Mo. 532, and cases cited.

*G. S. Hoss, H. H. Blanton* and *J. B. Johnson* for respondents.

(1) There was sufficient delivery of the deed from Beck to interpleaders. Washburn on Real Property [3 Ed.], top p. 254, sec. 20a; p. 259, sec. 28; *William v. Latham,* 113 Mo. 165, bottom p. 173, and authorities cited in the opinion. Beck surrendered all dominion over the deed when he delivered the same to Mosier. (2) The record of the mortgage was in time to defeat the attachment. *Way v. Braley,* 44 Mo. App. 457. (3) Although apparently in the face of the general understanding of the profession, yet we submit that in the absence of fraud of any kind a chattel mortgage recorded any time before sale under attachment proceedings will defeat the attachment lien; this is the logic of *Davis v. Owensby,* 14 Mo. 170, and the line of decision following and approving the same in our supreme and appellate courts. (4) Section 5176, Revised Statutes, 1889, concerning chattel mortgage, uses the same language as section 2420. *Ibid.,* concerning conveyances of real estate, an attaching creditor is not a purchaser. *Bank v. Hughes,* 10 Mo. App.

16; second paragraph on said page. (5) Section 5178, Statutes, 1889, does not apply to mortgages. *Raeder Bros. v. Brewing Co.*, 33 Mo. App. 69. (6) Under the safety clauses in the mortgage the interpleaders were not premature in their action. *Hall v. Sampson*, 91 Am. Decisions, p. 56; Cobby on Replevin, sec. 191 *et seq.*; *Bank v. Abernathy*, 32 Mo. App. 211; next to last paragraph in opinion on rehearing, page 227.

SMITH, P. J.—The appellant in this appeal was the plaintiff in an action of attachment brought by him against one Beck. The sheriff, under the writ of attachment, at three o'clock, P. M., on November 19, 1891, levied upon twenty head of steers as the property of Beck. At the return time of the writ, Potter and McCracken interpleaded in the cause, claiming to be the owners of the steers levied on.

At the trial the interpleaders had judgment, and the plaintiff, in the attachment suit, has appealed from that judgment.

The attachment plaintiff, by his appeal, questions the propriety of the action of the trial court in refusing to declare, as it was asked to do, that upon the evidence the interpleaders were not entitled to recover upon three distinct grounds, the first of which is that there was no delivery of the chattel mortgage, under which interpleaders claim, by Beck, the mortgagor, to them. As a matter of course, if there was no delivery of the mortgage, the judgment must be reversed; but was there not a sufficient delivery?

It appears from the undisputed evidence that Beck promised the interpleaders that if they would become his surety on a note for $400 to one Hart, that he would give them a chattel mortgage on the twenty head of steers. That thereupon interpleaders signed the note. That two days thereafter Beck went to Moseir,

a neighboring justice of the peace, and stated the circumstances of the interpleaders having become his sureties, and requested that he draw up a mortgage on the twenty head of steers to secure them. The mortgage was accordingly prepared by the justice, signed and acknowledged by Beck. It appears that neither party knowing Hart's given name, the same was left blank in the mortgage. The justice, Moseir, testified that, after the mortgage was executed, as already stated, he said to Beck, "You take this down to Potter as you go by and if he knows Mr. Hart's name he will put it in." Beck replied, "No, I will leave it with you. Potter told me to leave it with you and he would call for it." He further testified that, "Beck told me that he would tell Potter to come and get it." The interpleaders did not know the mortgage had been executed until the nineteenth of November, 1891, when Moseir sent it to interpleader, Potter, who, that same day, caused it to be recorded.

The infallible test of a delivery is the fact that the grantor has divested himself of all dominion and control over the conveyance. *Henry v. Henry*, 65 Mo. 689. In *Hammerslough v. Cheatham*, 84 Mo. 13, it was ruled that to constitute a delivery of a deed by placing it in the hands of a third party it must be done with the intent on the part of the grantor that it should take effect as his deed in favor of the grantee. It must.be so held by the third party as to be beyond the control and right of dominion of the grantor." And a similar statement of the rule has been made in other cases: *Ells v. Railroad*, 40 Mo. App. 165; *Turner v. Carpenter*, 83 Mo. 333; *Williams v. Latham*, 113 Mo. 165; *Miller v. Lullman*, 61 Mo. 311; *Scott v. Scott*, 95 Mo. 300.

We think there was a delivery of the mortgage within the meaning of the above recited rule. Beck

left it with Moseir for the interpleaders.  He thereby parted with all dominion and control over it.  It is unimportant whether the interpleaders called on Moseir for it or whether he sent it to them.  There is nothing in the evidence negativing the intention by Beck to irrevocably part with the control and dominion over the mortgage after it was executed and left by him with Moseir with directions to deliver it to the interpleaders.

The appellants' second objection is that, even though the mortgage was executed and delivered before the levy of the writ of attachment it was not recorded by the recorder until after the writ was levied, and therefore it was invalid as against the writ.

The question thus presented depends for its solution upon the construction to be given to section 5176 of the statute.  *Bryson v. Penix*, 18 Mo. 14, was where there was a senior and junior mortgage given to different mortgagees on some beef cattle.  The senior mortgage was not filed for registry until four days after its execution and not until after the filing of the junior one.  The cattle were sold and the proceeds thereof were paid over to the junior mortgagee, to recover which the senior mortgagee brought a suit on which he failed.  The case was taken to the supreme court, where the judgment was affirmed.  In the opinion disposing of the case by Judge Scott in what seems to us to be an *obiter dictum*, it is stated that, "Our statute prescribes no time within which a deed or conveyance shall be recorded.  Under such circumstances a party must have a reasonable time for that purpose; and when a deed is recorded within a reasonable time it has relation back to the time of its execution."  It was then stated that the question was not raised in the case so the judgment of the lower court was affirmed.

In *Wilson v. Milligan*, 75 Mo. 41, the rule

announced by Judge Scott in the preceding case is followed by the judge who wrote the opinion in the case, though without giving it his sanction. The question was not, as appellant supposes, considered in either *Bevans v. Bolton*, 31 Mo. 437, or in *Rawlings v. Bean*, 80 Mo. 614. But in *Way v. Braley*, 44 Mo. App. 457, the exact question was presented and decided by the St. Louis court of appeals. The rule announced in *Bryson v. Penix* and followed by *Wilson v. Milligan, supra*, was there again recognized and applied.

But for these adjudications, which must control our decision of the question under consideration, we should not have thought that by any fair construction of the statute, section 5176, the interpellation of this rule into it was warranted. We are therefore constrained to rule that defendant's second ground of objection to the sufficiency of the evidence is not well taken.

The appellant's third and last objection is, that the interpleaders were premature in interposing their claim to the property, or, what is the same thing, to the proceeds of the sale thereof in the hands of the sheriff. The mortgage contained a clause to the effect that: "The property hereby sold and conveyed, to remain in his possession until default be made in the payment of the said debt and interest or some part thereof; but in case of sale or disposal or attempt to sell or dispose of said property, or a removal or attempt to remove the same from the premises of the said A. W. Beck without the consent of the parties of the second part, or an unreasonable depreciation in the value thereof, the said H. D. Potter and James McCracken, or their legal representatives, may take the said property in their posssession," etc., etc.

The action of the sheriff in seizing the mortgaged property and removing it gave the interpleading mort-

gagees an option to take it into their possession, which they might exercise if they saw fit by interpleading in the attachment. *Kennedy v. Dodson*, 44 Mo. App. 550; *Bank v. Metcalf*, 29 Mo. App. 384; *Brown v. Hawkins*, 54 Mo. App. 75; *Leaman v. Paddock*, 55 Mo. App. 296.

An interplea in an attachment is in the nature of a replevin engrafted thereon by statute. *Spooner v. Ross*, 24 Mo. App. 599; *Hellman v. Pollock*, 47 Mo. App. 205.

It results from these observations that the judgment must be affirmed. All concur.