SPRINGFIELD GROCER COMPANY *et al.*, Appellants, v. G. W. SHACKELFORD, Respondent.

St. Louis Court of Appeals, February 25, 1896.

1. **Practice Trial**: INSTRUCTIONS. In the trial of an action at law before the court sitting as a jury, the declarations of law requested of the court should be framed in like manner as on a trial by jury.

2. **Replevin**: BURDEN OF PROOF. In an action of replevin the plaintiff must recover upon the strength of his own title.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Sebree & Tatlow* for appellants.

*White & McCammon* for respondent.

BOND, J.—Plaintiffs replevied from defendant a stock of merchandise contained in a store in Norwood, Wright county, Missouri, and "also a lot of fence posts lying in a heap near said store." They claimed title to said posts upon an averment of possession thereof

taken under a mortgage, which, after describing the merchandise contained in the storehouse, used the following language: "And also all such other property as may be contained in and about said building and belonging to said grantor." Defendant claimed the property under a writ of attachment against the mortgagor, which he had levied thereon prior to its replevy.

The cause was tried by the court sitting as a jury. The undisputed evidence shows that plaintiffs took possession of all the stock of goods referred to in the mortgage as being contained in the store prior to the levy of the attachment writ. It also shows that a large lot of posts, estimated to be from forty to fifty thousand, was located seventy-five or one hundred yards distant from the store; that these were worth about $25 per thousand. The evidence was conflicting as to whether plaintiffs had taken possession of these posts at the time of the levy of the writ of attachment. The evidence also showed that, at the time of the trial of this case, the indebtedness mentioned in the attachment writ had been reduced to judgment against the mortgagor. The court, having declined two declarations of law requested by plaintiffs, found a verdict for defendant for the redelivery of the posts in controversy, and rendered judgment in his favor for such redelivery or the payment of the sum of $303.65, the amount of the indebtedness mentioned in the writ of attachment and costs, from which plaintiffs appeal.

The court did not err in refusing to make the declarations of law requested by plaintiffs. Each of these submits the proposition, that plaintiffs had the same right to hold the property described in general terms in the mortgage, if they were in possession thereof at the time of the levy of the writ of attachment, as if it had been specifically described in the instrument. Of the correctness of this proposition

there is no doubt, but the fatal vice in each of the declarations of law is that, after thus conditioning plaintiffs' right to the posts upon a possession under the mortgage at the time of the levy, they conclude with a peremptory direction to find the issues for plaintiffs. This was error, for it is well settled that it is the duty of courts, when sitting as triers of the facts, to declare the law applicable to the different theories presented by the evidence in the same way as by instructions to the jury; otherwise it is impossible for the reviewing court to understand the theory upon which the trial court sitting as a jury found the issues. *Patterson v. Railroad*, 47 Mo. App. 572. As the instructions in question were not framed in accordance with this principle, the court committed no error in their refusal.

The second assignment of error is that the sheriff can not justify a seizure by a writ of attachment, as against replevin by a stranger, by proof merely of the indebtedness and a valid writ. This principle is only applicable where it is shown that the *possession* of the property was held by the plaintiff in the replevin at the time of its seizure by the officer, or where the plaintiff had title. *Kendall Boot & Shoe Co. v. Bain*, 46 Mo. App. 581; affirmed in *Clarke v. Laird*, 60 Mo. App. 294. This principle could only have been applied in this case by a request for a declaration of law embodying it, predicated upon a finding by the trier of the fact that plaintiffs had possession of the posts at the time the defendant levied the writ of attachment. No declaration of law aptly framed for this purpose was requested by plaintiffs. We can not, therefore, put the court in the wrong for finding the issue as to the possession of the posts at the time of the levy, as to which the evidence was conflicting, in favor of defendant. As to these, the only title claimed by

plaintiffs under the mortgage was upon the theory that they had taken possession of them at the time of the levy, wherefore the general description in the language of the mortgage was cured. This being the basis of plaintiffs' title to the posts, the onus rested on them to sustain it by evidence of possession, and not by want of right in the officer to seize the posts under the writ; for it is elementary that, in actions of replevin, the plaintiff can only recover upon the strength of his own title, and not upon the weakness of that of his adversary.

In the present case the court evidently found from the evidence that the plaintiffs had not taken possession of the posts when they were seized under the writ of attachment. It was the sole judge of the weight of the conflicting testimony on this issue. Its finding, therefore, was reached without the intervention of legal error, and the judgment will be affirmed. All the judges concur.