BOWLES LIVE STOCK COMMISSION COMPANY, Appellant, v. GUY HUNTER et al., Respondents.

**Kansas City Court of Appeals, January 6, 1902.**

1. **Appellate Practice: ISSUES: INSTRUCTIONS: EVIDENCE.** Where the issues are appropriately submitted by the instructions, the verdict of the jury is conclusive on the appellate court if there be any evidence to support it.

2. **Replevin: CHATTEL MORTGAGE: FRAUDULENT TRANSFER.** In replevin the plaintiff must recover on the strength of his own title, and where the defense is that the replevied property was not included in the chattel mortgage on which plaintiff relies, the fact that the mortgagor may have fraudulently transferred the property to a third person, is immaterial.

Appeal from DeKalb Circuit Court.—*Hon. A. D. Burnes,* Judge.

Affirmed.

*Hewitt & Blair* for appellant.

(1)  The title to the property in question is distinctly put in issue both by the pleadings and by the evidence.   20 Am. and Eng. Ency. of Law (1 Ed.), p. 1046; Morris on Replevin (3 Ed.), p. 191.   (2)  There were facts and circumstances in evidence tending to show that the sale of the twenty-five head of heifers (of which the nine in question are claimed by defendants to be a part) was fraudulent and void as to plaintiff.   It was, therefore, error for the court to refuse plaintiff's instruction numbered five.   Stone v. Barrett, 34 Mo. App. 15.   (3)  Very slight circumstances will ordinarily warrant the submission of the issue of fraud to the

jury. Though apparently trivial, they may, when combined, afford irrefragable proof of fraud. Hopkins v. Seivert, 58 Mo. 201; Spengler v. Kaufman, 46 Mo. App. 644..

*Thomas E. Turney* and *James E. Goodrich* for respondents.

(1) A plaintiff in an action of replevin must recover upon the strength of his own title and not upon the weakness of the title of the defendant. Moore v. Carr, 65 Mo. App., p. 64; Grocer Co. v. Shackelford, 65 Mo. App. 364; Kennedy v. Dodson, 44 Mo. App. 550. (2) In this case, the matter in controversy is not the means whereby defendant Albert Z. Hunter acquired said property from defendant Guy Hunter, but the sole question is whether or not the animals in controversy are a part of the same animals mortgaged by Guy Hunter to the appellant, and that was fully, clearly and properly submitted to the jury by appropriate instructions.

ELLISON, J.—This is an action of replevin for nine head of cattle and some corn. The judgment in the trial court was for defendants for the cattle and plaintiffs for the corn. Plaintiffs appealed.

We have not been able to find in the record any good or sufficient ground for the appeal since the whole controversy was a simple question of fact duly submitted to a jury by the trial court. The whole controversy relates to the cattle, as no question seems to be made as to the corn.

It appears that defendants are father and son and that Guy, the son, mortgaged some corn and ninety-five head of cattle to plaintiff to secure the payment of borrowed money. That prior to his mortgage to plaintiff he had sold twenty-five head of heifers to defendant, his father, who mortgaged them to a bank as security for the money which he borrowed to pay his son the purchase price. The evidence in behalf

of defendants tended strongly, if not conclusively, to show that the nine head in controversy were not included in the mortgage to plaintiff, and this was appropriately submitted to the jury in instructions asked by both parties. The verdict of the jury is conclusive on us.

If we are to judge by instructions asked by plaintiff but refused by the court, plaintiff undertook to make out, as a part of its case, that the sale of the cattle by defendant Guy to his father, was a fraudulent sale and that it was therefore void as to plaintiff. We can not see in what way that could aid the plaintiff if true. Plaintiff must recover, if at all, on the strength of its own title. Springfield Grocer Co. v. Shackelford, 65 Mo. App. 364; Moore v. Carr, 65 Mo. App. 64; Kennedy v. Dodson, 44 Mo. App. 550. Plaintiff's only claim of title is through its chattel mortgage. Therefore, if the cattle in controversy were not a part of those included in the mortgage, it has no claim on them in this action and it can make no difference to it whether they had been fraudulently sold in the other transactions.

The only proper issue in the case was unquestionably properly submitted and the judgment should be affirmed. All concur.