ALEX. BRIGHT, Respondent, v. FRED MILLER, Appellant.

**Kansas City Court of Appeals, June 9, 1902.**

1. **Replevin: TITLE: BURDEN OF PROOF: INSTRUCTION.** That plaintiff in replevin should recover only on the strength of his own title, is often a mere abstraction and an instruction to that effect may tend to confuse the jury. Two instructions set out in the opinion are compared and one approved.

2. ————: **ESTOPPEL: TITLE OF STOCK: RELIANCE ON ADMISSION: INSTRUCTION.** To estop a party *in pais* from setting up title to his property, it must appear that his conduct was fraudulent, grossly negligent, and that he was apprised of the state of his title at the time of his act, and that the other party relying on such conduct was in ignorance of the true facts; and an instruction set out in the opinion is without evidence to support it.

3. ————: **SALES: TITLE: INSTRUCTION.** Where one sells and delivers personal property to A, and afterwards sells and delivers the same property to B, A is the owner and not B, and an instruction to such effect is properly given in an action on replevin.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*VanPool & Martin* and *Cole, Burnett & Moore* for appellant.

(1) The court erred in refusing appellant's instruction number 2. In an action of replevin the plaintiff must recover upon the strength of his own title, and not on the weakness of defendant's title. Kennedy v. Dodson, 44 Mo. App. 550; Moore v. Carr, 65 Mo. App. 69; Grocer Co. v. Shackleford, 65 Mo. App. 364. (2)

Bright is certainly estopped to claim her as against Miller. Taylor v. Zepp, 14 Mo. 482; Chouteau v. Goddin, 39 Mo. 229; Reynolds v. Kroff, 144 Mo. 433; State ex rel. v. Branch, 151 Mo. 639; Lumber Co. v. Kreeger, 52 Mo. App. 421. (3) The three essentials are present, viz.: withholding of truth when duty requires one to speak, reliance on the implied' representation, and the consequent acting by the party injured. Deberry v. Wheeler, 128 Mo. 90. (4) , If the owner of property stands by and sees another sell his property, and says nothing when he might with propriety speak, he shall not afterwards have the property. Skinner v. Stouse, 4 Mo. 93; Lawrence v. Owens, 39 Mo. App. 324; Walter v. Tielkemeyer, 72 Mo. App. 377. (5) Miller was certainly not at fault. The very best that can be said for Bright is, that he was grossly negligent; therefore, it is an elementary principle of the law of estoppel that, where a loss must fall on one of two innocent persons, the one most at fault must bear it. Brick Co. v. Sadring, 68 Mo. App. 18; Bank v. Wade, 73 Mo. App. 561; Pitman v. 16 to 1 Mining Co., 78 Mo. App. 441; Rice v. Groffman, 56 Mo. 434; Fusili v. Railroad, 45 Mo. App. 541. (6) And under the circumstances it seems unavoidable that the giving of the instruction number 6, when the juror asked the question, was highly prejudicial to defendant. State v. McKinzie, 102 Mo. 629; State v. Rutherford, 152 Mo. 133; State v. Hibler, 149 Mo. 486; Bank v. Currie, 44 Mo. 91; Kendig v. Railroad, 79 Mo. 207; Hackman v. Maguire, 20 Mo. App. 286; Copp v. Hardy, 32 Mo. App. 588.

*Thurman, Wray & Timmonds* for respondent.

(1) The court, in instruction No. 5 given on its own motion, embodies all of the legal propositions that are applicable to the case at bar in much more concise language than used in the instruction complained of. (2) There is no estoppel. Lumber Co. v. Kreeger, 52 Mo.

App. 421; State ex rel. v. Branch, 151 Mo. 639; Thomas v. Railroad, 109 Mo. 205; Troth v. Norcross, 111 Mo. 636; Yarnell v. Railroad, 113 Mo. 578; Turner v. Thomas, 71 Mo. 596; Heizer v. Mfg. Co. 110 Mo. 605.; Barney v. Railroad, 126 Mo. 372. (3)' Inadvertence is not necessarily culpable negligence; and before negligence can be predicated upon inadvertence, it must result in the failure to perform some duty devolving upon the person who is inadvertent. Barton v. Railroad, 52 Mo. 257; Herman on Estoppel, sec. 1162; Smith v. Hutchinson, 61 Mo. 88; Ingals v. Ferguson, 138 Mo. 366; Garesche v. Inv. Co., 146 Mo. 451, and cases cited; Baker v. McInturff, 49 Mo. App. 509; Burke v. Adams, 80 Mo. 513; Hequembourg v. Edwards, 155 Mo. 522. (5) The court committed no error in giving instruction No. 6, under the circumstances. It was the imperative duty of the court to give the instruction in writing at the time it was asked by the plaintiff's counsel. Cunningham v. Snow, 82 Mo. 593; Harbison v. School District No. 1, 89 Mo. 186; Mitchell v. Bradstreet Co., 116 Mo. 243; Malon v. Johns, 126 Mo. 166; Fearey v. O'Neill, 149 Mo. 477; Yore v. Transfer Co., 147 Mo. 687; R. S. 1899, sec. 748.

BROADDUS, J.—This is a replevin suit begun in a justice's court, which was appealed to the circuit court, where on trial the plaintiff obtained a verdict and judgment, from which defendant appealed. The matters complained of are the giving and refusing of instructions.

Both plaintiff and defendant claimed to have bought the animal in controversy from one Carl Root, who was conceded to have been the owner. Plaintiff claimed to have bought the animal (a heifer) with other cattle from said Root in the spring of 1898, at the farm of D. G. Turner in Ozark county, Missouri, from where he shipped them to his farm in Barton county. The defendant claimed to have bought the heifer from said

Root in February, 1899, at Root's feed lot on plaintiff's said farm. At the time plaintiff bought said animal from said Root, he (Root) had other cattle, and in the summer of 1898, brought two lots of cattle to plaintiff's farm, a part of which were sold during the summer, and the residue pastured by one Thomas Carlton until about November, at which time they were taken to the farm of plaintiff and fed there by Root during the winter of 1898 and 1899. These cattle were kept in a separate inclosure from those of the plaintiff. He had about sixty-four head, of which number he sold thirty-two, the tailing of his herd, consisting of twenty-six heifers, four cows and two calves, to the defendant Miller. Defendant, with his two sons and one E. M. Reeves, went to Root's feedlot on plaintiff's farm and received said cattle. Root picked out the least valuable of his cattle and turned them over to defendant. Plaintiff was present when these cattle were being separated from the rest of the herd, and there was testimony going to show that he participated in the business. The defendant introduced evidence strongly tending to show that the animal in controversy was among those received by him at that time. Plaintiff, however, testified that he did not believe such to have been the fact, and if such was the fact, he did not know it.

The defendant contends that the court erred in refusing to give instruction number two as requested. Said instruction is as follows: "The court instructs the jury that this is an action commenced by plaintiff to recover the possession of the heifer in dispute; that if the plaintiff recovers in this action he must recover upon the strength of his own title and not upon the weakness or strength of the title of any one else. The burden of proof rests upon the plaintiff, and before he can recover, he must show to the satisfaction of the jury by a preponderance of the testimony that at the

Vol 95 app—18

time of the commencement of this suit he was the lawful owner of said heifer and had a right to the exclusive and immediate possession of the same, and unless you shall believe from the evidence that in May, 1898, in Ozark county, Missouri, plaintiff purchased said heifer from one Carl Root and was the owner of said heifer at the time of the institution of this suit, then your finding will be for the defendant Miller."

The court, of its motion, gave instruction No. 5, which is as follows: "Gentlemen of the jury: The burden rests upon the plaintiff (Mr. Bright) to make out his case by a preponderance, that is, by a greater weight of the evidence; unless he has done so your verdict should be in favor of the defendant (Mr. Miller). If you shall believe from the evidence that at the time of the commencement of this suit, the heifer in controversy was the property of the plaintiff, you will return a verdict in his favor. On the other hand, if you shall believe from the evidence that at the time of the commencement of this suit said heifer was not the property of the plaintiff, you will return a verdict in favor of the defendant and also find the present value of said heifer."

This instruction was evidently given by the court to supply said refused instruction. If it substantially contains all that is within the refused one, then the defendant can have no reasonable ground of complaint. It may be conceded that in an action of replevin the law is, the plaintiff must recover upon the strength of his own title, and not on the weakness of the defendant's title. Kennedy v. Dodson, 44 Mo. App. 550; Moore v. Carr, 65 Mo. App. 69; Grocer Co. v. Shackleford, 65 Mo. App. 364. But while such is true as an abstract proposition of law, is it necessary to instruct the jury in such language? We do not think it is, in fact, we are inclined to the opinion that a jury should not be so instructed. The proper manner to instruct a jury is to tell it, if it finds a certain fact or

facts in dispute to be in a certain way, the law requires it to return a verdict such as directed by the court, without telling them what the law in the abstract may be, otherwise the tendency is to produce confusion in the mind of the juror. When the jury was told in said instruction No. 5, that the burden rested upon the plaintiff to make out his case by a preponderance, that is, by a greater weight of evidence, and if it should believe from the evidence that at the time of the commencement of the suit the heifer was not his property, they should find for the defendant, it was fully instructed in effect, that the plaintiff could only recover upon the strength of his own title, and not upon the weakness of defendant's title.

The defendant further complains of the action of the court in refusing instruction No. 3, asked by him. Said instruction is as follows: ''You are further instructed that although you may believe from the evidence that in May, 1898, in Ozark county, Missouri, plaintiff purchased the heifer in controversy from said Root and conveyed said heifer, together with other cattle, to his farm in Barton county, Missouri, yet if you shall further believe from the evidence that in the month of February, 1899, said Root, at plaintiff's said farm, sold and delivered a bunch of heifers to said defendant Miller, one of which was the heifer in controversy, and at the time said Root delivered said heifer to said defendant Miller, plaintiff was present and assisting said Root in the delivery of said cattle together with said heifer in controversy to said defendant, and at that time made no claim to the heifer in controversy, then plaintiff is estopped now from asserting his ownership in said heifer, and your finding will be for the defendant Miller.'' In Chouteau v. Goddin, 39 Mo. 229, the court adopted the following as constituting an estoppel *in pais* against a party, viz.: ''There must be, first, an admission inconsistent with the evidence which he h~ to give in the title or claim which he pro-

poses to set up; second, an action by the other party upon such admission; third, an injury to him by allowing the admission to be disproved." See also Taylor v. Zepp, 14 Mo. 482, and Newman v. Hook, 37 Mo. 207. And in the later case of De Berry v. Wheeler, 128 Mo. 84, equitable estoppel is clearer and more fully defined in an opinion by Judge MACFARLANE, viz.: "Equitable estoppel arises 'where one by his words or conduct willfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position;' . . . To make this estoppel complete, it is said, three things must combine, namely: 'fraudulent representation, or withholding of truth when duty requires one to speak—reliance on the expressed or implied representations by the party defrauded—the consequent act taken by the defrauded person.'" The learned judge credits the definition to 2 Bishop on the Law of Married Women, and further quotes from 2 Herman on Estoppel and Res Judicata, as follows: "It must appear that there was fraud or gross neglect; that the party making the admission, by his declaration or conduct, was apprised of the true state of his own title; and that others were acting in ignorance of it; that he intended to deceive or was culpably negligent in the non-assertion of his rights; that the other party had no knowledge, or means of acquiring knowledge, of the true state of the title, and that he relied upon such admission to his injury."

The law seems to be plain enough. We have only to apply it to the facts of a particular case. The evidence here shows that the plaintiff was not aware that his heifer was with Root's cattle in his pen at the time she was separated from his other cattle and delivered to defendant. Not knowing such to be the fact, he did not speak or make any claim to her. It is true he was present, but if he did not knowingly do anything to mislead the defendant, the doctrine of estoppel *in pais*

does not apply to him. The delivery to defendant of the animal in question seems to have been an innocent mistake on the part of Root, for it is not reasonable to suppose that, had he known it to have been the property of plaintiff, he would have, in his presence, delivered it to the defendant; in fact, he states that the heifer in controversy was not the one he sold to the plaintiff. There was no evidence that plaintiff's attention was called to the heifer at the time, or that he disclaimed ownership, or asserted that the ownership was in Root. So far as the evidence goes, he was merely present assisting in separating the herd and did not notice the animal. He was not called upon to identify the cattle as the property of Root. The defendant was not relying upon him to identify them.

There was no question of dispute as to the cattle, as they were in Root's inclosure and supposed to be his property. Plaintiff said and did nothing knowingly to mislead defendant, and defendant was not relying upon anything plaintiff did or said. The inference is indisputable from all the evidence, that every one present was relying on Root to deliver his own cattle to defendant, and nothing else was thought of. There is not a single element of estoppel to be deduced from the facts in the record. The instruction mentioned is not predicated upon such a state of facts as would constitute an estoppel, but is merely based upon the single circumstance of the presence of plaintiff at the time and place when the cattle were delivered by Root to defendant, and his assistance in making such separation. It does not require that he should have had knowledge that his animal was being delivered to defendant, or that he made any representation upon which defendant relied, or that he was guilty of any fraud.

The defendant claims, further, that the plaintiff was grossly negligent, but as no such question was

raised by the instructions, it can not be considered by this court.

The defendant complains of the action of the court in another respect, viz.: After all the instructions—then given by the court—had been read to the jury and the plaintiff was about to proceed in his argument, one of the jurors asked of the court the question: If the jury should find that Root had sold the heifer in controversy to both plaintiff and defendant, for which party should they return a verdict? whereupon the court, at the instance of the plaintiff and over the objections of defendant, gave instruction No. 6, which is as follows: "If you shall believe from the evidence that Carl Root was the owner of the heifer in controversy, and that at different times he sold and delivered her to the plaintiff and to the defendant, respectively, then she became and was the property of the one to whom she was first sold and delivered." This instruction contains good law and was applicable to the testimony, for there was little or no doubt but what the animal in dispute was first sold and delivered to the plaintiff and afterwards sold and delivered to the defendant. The only issue in the case was as to the ownership of the heifer, and the instruction practically covered all the evidence. We can not see how the defendant could have been injured thereby. Under section 748, Revised Statutes 1899, either party, before a case is argued or submitted to the jury, may have the court give instructions on any point of law arising in the case.

For the reasons given the cause is affirmed. All concur.